**In the Interest of LEE CHILDREN.**

No. 10–99–051–CV.

Court of Appeals of Texas,
Waco.

Jan. 17, 2001.

John B. Worley, Asst. Attorney General, Rhonda A. Pressley, Asst. Attorney General, Chief, Appeals & Research Section, Austin, TX, for appellant.

Robert C. Dunn, Corsicana, TX, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

### ORDER REGARDING PAYMENT OF FILING FEE

GRAY, Justice.

We are called upon to determine whether the Attorney General, when acting as the Title IV–D agency under the Family Code, is required to pay a filing fee when bringing an appeal, and if payment is required, when must it be paid. Because there is no express exemption from paying such a fee, we hold that the fee must be paid but it is not required at the time of filing. The fee will be collected by the Appellate Clerk pursuant to the procedure established in the Family Code.

## FACTS

The Attorney General appealed an adverse decision in which the Attorney General was acting as the Title IV–D agency under the Family Code. No appellate filing fee was paid. Our Clerk sent the Attorney General a letter requesting payment of the $125 filing fee. The Attorney General responded with a letter asserting that it was not required to pay a filing fee. The letter also asserted that State agencies may not be assessed any fees until after the Court's judgment. The Clerk advised the Attorney General that in order to avoid dismissal, its arguments should be submitted in the form of a motion.

A motion was submitted. According to the Attorney General, as a general rule, courts may not assess costs against the Title IV–D agency. Specifically, the Attorney General argues that Family Code § 231.204 prohibits any governmental officer or employee from charging any fee or amounts for services rendered in, or in connection with Title IV–D cases except where specifically permitted by subchapter C of chapter 231 of the Family Code. The Attorney General asserts that fees imposed by courts of appeals are not specifically permitted by subchapter C and therefore, the Clerk may not assess a fee in this appeal.

Alternatively, the Attorney General asserts that even if the Attorney General is required to pay a filing fee, it should not be required to do so until final judgment and then only if the Attorney General is not the prevailing party.

## IS THE TITLE IV–D AGENCY REQUIRED TO PAY A FILING FEE?

■ All parties who present a case for filing must pay at the time of filing whatever fees are required, unless excused by statute or by court rules. Rule 5 states in significant part: "A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order." TEX.R.APP.P. 5. When the State becomes a litigant in the courts, it is bound by the same rules of procedure that bind all other litigants, except where special provision is made to the contrary. *Lowe v. Texas Tech University*, 540 S.W.2d 297, 301 (Tex.1976). We note that the Title IV–D agency acts as a litigant in a Title IV–D case and therefore must observe and will be bound by the same evidentiary and procedural rules that apply to all litigants.

■ We must review the relevant statutes to determine whether the Legislature intended to exempt the Title IV–D agency from payment of an appellate filing fee. The Attorney General asserts that § 231.202, which requires payment of certain costs and fees in Title IV–D cases, but which does not specifically require payment for the filing fee assessed in an appellate proceeding, coupled with § 231.204 which specifically prohibits fees for government provided services in Title IV–D cases, exempts the Title IV–D litigant from paying an appellate filing fee. We disagree.

The Family Code specifically requires payment of filing fees in actions brought under Title 5 of the Family Code. TEX.FAM. CODE ANN. § 231.202(1) (Vernon 1996). The relevant text of the statute is as follows:

§ 231.202 **Authorized Costs and Fees in Title IV–D Cases**

In a Title IV–D case filed under this title, the Title IV–D agency shall pay:

(1) filing fees and fees for issuance and service of process as provided by Chapter 110 of this code . . .;

TEX.FAM.CODE ANN. § 231.202 (Vernon 1996).

Appellate filing fees are not expressly excepted. However, in addition to the specific requirement to pay filing fees, appellate filing fees are indirectly addressed by the reference to Chapter 110 of the Family Code. Section 110.001 states for actions

brought under Title 5 of the Family Code that fees not specifically addressed shall be as in civil cases generally. TEX.FAM. CODE ANN. § 110.001 (Vernon 1996).[1]

■ Title 5 of the Family Code includes Chapters 101–264. Thus, the payment of filing fees required by this provision applies to this enforcement action which was brought under Chapter 231 of Title 5. An appeal of a Title IV–D case is a matter covered by Title 5, and therefore appellate filing fees would come under the rule for civil cases generally. Also, contrary to the Attorney General's argument, section 231.202(1), by specifically requiring payment of "filing fees" but not limiting it to the filing fees paid to the district court clerk, indicates that the Legislature intended to require the Attorney General, when acting as the Title IV–D litigant, to pay filing fees at all levels of the judicial process.[2] Thus, unless appellate filing fees are specifically addressed elsewhere, they must be collected as in any other civil case.

We are also urged by the Attorney General, to consider Family Code § 231.204 which states that unless otherwise authorized, a government officer or employee cannot charge a Title IV–D agency a fee for a service and then lists certain prohibited fees. TEX.FAM.CODE ANN. § 231.204 (Vernon Supp.2001). Specifically, the language of the statute is as follows:

§ 231.204 **Prohibited Fees in Title IV–D Cases**

Except as provided by this subchapter, an appellate court, a clerk of an appellate court, a district or county clerk, sheriff, constable, or other government officer or employee may not charge the Title IV–D agency or a private attorney or political subdivision that has entered into a contract to provide Title IV–D services any fees or other amounts otherwise imposed by law for services rendered in, or in connection with, a Title IV–D case including:

(1) a fee payable to a district clerk for:

(A) performing services related to the estates of deceased persons or minors;

(B) certifying copies; or

(C) comparing copies to originals;

(2) a court reporter fee, except as provided by Section 231.209;

(3) a judicial fund fee;

(4) a fee for a child support registry, enforcement office, or domestic relations office; and

(5) a fee for alternative dispute resolution services.

TEX.FAM.CODE.ANN. § 231.204 (Vernon Supp.2001).

■ This statute addresses some specific expenses that these government officers are prohibited from collecting. Filing fees are not a specifically prohibited fee under this provision. The reference to appellate courts and appellate clerks was added by the Legislature in 1999. Act of May 27, 1999, 76th Leg., R.S. Ch. 556, § 55. 1999 Tex.Gen.Laws 3058, 3078–79. The purpose of the amendment was to make it clear that what the Title IV–D agency could not be charged for at the trial court level, could not be imposed on the Title IV–D agency by the appellate court or appellate court clerk in connection with an appeal.

By specifying the type of expenses that could not be charged to the Title IV–D agency, and not mentioning filing fees, we must determine if it was the Legislature's intent to prohibit the collection of this type fee; an appellate filing fee.

---

1. Family Code Chapter 110 provides:

§ 110.001 General Rule
Except as provided by this chapter, fees in a matter covered by this title [Title 5] shall be as in civil cases generally.
TEX.FAM.CODE ANN. § 110.001 (Vernon 1996).

2. The Legislature certainly knows how to draft a statute to exempt an agency from the payment of any filing fees. *See* TEX.HUM.RES. CODE ANN. § 40.062 (Vernon Pamp.2001) ("The department is not required to pay any cost or fee otherwise imposed for court proceedings, including a: (1) filing fee …").

■ The exceptions are only "for services rendered in, or in connection with, a Title IV–D case." The exceptions listed as "services rendered in, or in connection with a Title IV–D case" can generally be grouped as one of two types:

1) discreet and specifically identifiable services (certified copies provided by the clerk, reporter fees, or fees for alternative dispute resolution); or

2) a fee specifically collected as a revenue for a specific purpose not related to the general functions of the clerk's office (judicial fund or child support registry, enforcement office, or domestic relations office).

Neither of the excepted categories of fees are for a general filing fee. When interpreting a statute, we will look at the type of items specifically mentioned as being within the statute to determine the intent of the Legislature to determine if they intend the specific item at issue to be included.

In this case, the clerk is attempting to collect the normal filing fee of $125. This fee is composed of two components as follows:

1) $100 as fees and cost. TEX. GOV'T CODE ANN. § 51.207 (Vernon Supp.2001); and

2) $25 as additional filing fee for basic civil legal services for indigents. TEX. GOV'T CODE ANN. § 51.941 (Vernon Supp. 2001).

■ The $25 fee collected by the appellate clerk is paid over to the controller who is instructed by statute to "deposit the fees received under this section to the credit of the basic civil legal services account of the judicial fund for use in programs approved by the supreme court that provide basic civil legal services to the indigent." *Id.* § 51.941(f). We believe this is purely "a judicial fund fee" specifically excepted by section 231.204 of the Family Code. Thus,

the clerk is prohibited from collecting this $25 fee from the IV–D agency. However, because section 231.202(1) specifically requires the IV–D agency to pay "filing fees," this operates as a specific exception to section 231.204 as provided for, in the opening words of the section; "Except as provided by this subchapter...." Thus, under section 231.202(1), the Attorney General is specifically required to pay the general $100 filing fee imposed by § 51.207.

■ To read the statute as excepting this general filing fee where there is no mention of such fees is to grant an exemption from payment not authorized by statute. Granting an exemption is an exercise of authority reserved for the Legislature. We have been unable to find, and we have been directed to no specific exemption for the Attorney General when appearing as the Title IV–D appellant from paying the general appellate filing fee of $100.

## MUST THE AGENCY PAY THE FILING FEE IN ADVANCE OF JUDGMENT?

The Attorney General also asks this court to consider Attorney General Opinions MW–447A and DM–459 which interpret § 6.001 of the Texas Civil Practice and Remedies Code as a temporary exemption under which the State is not required to pay filing fees or any costs including appellate costs, although the State may ultimately be liable for costs should it be the losing party. Even under Texas Attorney General Opinion DM–459, the State may ultimately be liable for costs.[3] The provision of the Texas Civil Practice and Remedies Code, the Attorney General opinions are interpreting, states as follows:

§ 6.001 **State and Federal Agencies Exempt From Bond for Court Costs or Appeal**

**3.** Section § 6.001 exempts the State only from advance payment of filing fees and other court costs and does not exempt it from ultimately paying such costs. In the absence of a

provision exempting the State from liability for costs in a particular type of case, the State is liable for its costs. TEX.ATTY.GEN.OP. DM–459.

(a) A governmental entity or officer listed in Subsection (b) may not be required to file a bond for court costs incident to a suit filed by the entity or officer or for an appeal or writ of error taken out by the entity or officer and is not required to give a surety for the issuance of a bond to take out a writ of attachment, writ of sequestration, distress warrant, or writ of garnishment in a civil suit.

(b) The following are exempt from the bond requirements:

(1) this state; ...

TEX.CIV.PRAC. & REM.CODE ANN. § 6.001 (Vernon Supp.2001).

The Attorney General specifically argues that § 6.001 of the Civil Practice and Remedies Code exempts giving "bond" in advance of judgment and that "bond" means "security for costs" and that security for costs means payment of costs in advance of judgment. The State contends that a filing fee is simply a security for costs because it is assessed with finality to one party or the other at the conclusion of the case. *See* TEX.R.APP.P. 51.1(a).[4]

 We are thus urged to consider the exemption from bond found in the Civil Practice and Remedies Code § 6.001, as a specific exemption for the State from paying a filing fee at the time of filing the appeal of a Title IV-D case. This statute has been interpreted by various courts as an exemption for a state agency from having to post an appeal bond as a prerequisite to pursuing an appeal. *Dallas County Appraisal Dist. v. Institute for Aerobics Research,* 751 S.W.2d 860, 861 (Tex.1988); *Enriquez v. Hooten,* 857 S.W.2d 153, 154 (Tex.App.–El Paso 1993, no writ); *See also Roby v. Hawthorne,* 84 S.W.2d 1108 (Tex.

Civ.App.–Dallas 1935, writ dism'd w.o.j.); *Rodeheaver v. Alridge,* 601 S.W.2d 51, 54 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.). None of these cases dealt with whether the fees paid for an appeal were the equivalent of a security for costs. The requirement for an appeal bond has been repealed by Rule 25 of the Texas Rules of Appellate Procedure.

The Attorney General argues Attorney General Opinions DM–459 and MW–447A stand for the proposition that fees are never owed by an agency but if they are then they can only be assessed upon final judgment. We cannot agree that fees are never owed by any agency in this state. Such a proposition is overly broad and is not before this Court under the facts relevant to this motion. Further, both Attorney General opinions state, "... the state will ultimately be liable for costs should it be the losing party." TEX.ATTY.GEN.OP. MW–447A; DM–459. Further, DM–459 goes on to state that "... in the event the state cannot recover its costs from the losing party, the state will have primary liability to pay them."

Cost of the appeal, including filing fees, will ultimately be assessed by the Court. The Attorney General acknowledges that the State may ultimately be liable for cost if the State is the losing party. The question is whether the payment of filing fees in advance of final judgment would be the equivalent of improperly requiring the State to post a bond or security for appeal. Filing fees have been held by the Texas Supreme Court to be advanced payment of "court costs" and as such, security for payment of those costs which will later be assessed as part of the judgment. *LeCroy*

---

4. The specific language of rule 51.1(a)(1) requires that the appellate clerk prepare a statement of costs to be sent to the trial court which shows "(1) the preparation costs for the appellate record, and any court of appeals filing fees, with a notation of those items that have been paid and those that are owing; and (2) the party or parties against whom costs have been adjudged." TEX .R.APP.P.

51.1(a)(1)(2). While addressing the administrative responsibilities regarding costs, Rule 51, in its entirety, is a provision for the enforcement of judgments rather than a cost assessment provision. Because a judgment includes a summary of all amounts assessed in a case does not mean that each cost included therein can be properly characterized as "security for costs."

*v. Hanlon,* 713 S.W.2d 335, 344 (Tex.1986); *See also Rodeheaver,* 601 S.W.2d at 54.

However, in an appeal by the Title IV–D agency, we need not consider whether § 6.001 applies to appellate filing fees. The Legislature has specifically provided the method the clerk is required to use to collect fees under subchapter C (Payment of Fees and Costs) which includes filing fees. The statute provides that the clerk is to submit one monthly billing in a manner prescribed by the Title IV–D agency and approved by the clerk. The full text of the statute is as follows:

### § 231.207. Method of Billing for Allowable Fees

(a) To be entitled to reimbursement under this subchapter, the clerk of the court, sheriff, or constable must submit one monthly billing to the Title IV–D agency.

(b) The monthly billing must be in the form and manner prescribed by the Title IV–D agency and be approved by the clerk, sheriff, or constable.

TEX.FAM.CODE ANN. 231.207 (Vernon 1996).

The Legislature provided the specific mechanism for collection of the fees from the Title IV–D agency. Thus, the Attorney General cannot use Civil Practice and Remedies Code § 6.001 as an exemption from paying the fee in the manner provided.

The Attorney General as the Title IV–D litigant is ordered within 10 business days to submit to the Clerk of this Court a form on which to bill the Attorney General for the filing fee. TEX.FAM.CODE ANN. 231.207(b) (Vernon 1996). The Clerk is ordered to bill the Attorney General for only the $100 filing fee imposed by Texas Government Code § 51.207(b)(1) pursuant to Texas Family Code § 232.202(1) utilizing the form provided. TEX.FAM.CODE ANN. 231.207 (Vernon 1996).

Additionally, the Clerk of this Court is directed to utilize the form provided to bill the Attorney General monthly for filing fees due from the Office of the Attorney General when it is acting in the capacity of a Title IV–D litigant on appeal.

VANCE, Justice, dissents.

VANCE, Justice, dissenting to order regarding payment of filing fee.

I would hold that Section 231.204 of the Family Code exempts the Attorney General, as the Title IV–D agency in Texas, from the payment of a fee to file an appeal in this court. Thus, I dissent from the majority's Order Regarding Payment of Filing Fee (the Order).

Section 231.204 provides, in pertinent part:

*Except as provided in this subchapter, an appellate court, a clerk of an appellate court, ... may not charge the Title IV–D agency ... any fees or other amounts otherwise imposed by law for services rendered in, or in connection with, a Title IV–D case,* including:

(1) a fee payable to a district clerk for:

(A) performing services related to the estates of deceased persons or minors;

(B) certifying copies; or

(C) comparing copies to originals;

(2) a court reporter fee, except as provided by Section 231.209;

(3) a judicial fund fee;

(4) a fee for a child support registry, enforcement office, or domestic relations office; and

(5) a fee for alternative dispute resolution services.

TEX.FAM.CODE ANN. § 231.204 (Vernon Supp.2001) (emphasis added). Subchapter C of the Family Code is titled "Payment of Fees and Costs" and includes sections 231.201 through 231.211. *Id.* §§ 231.201–.211 (Vernon 1996 & Supp.2001).

My disagreement with the Order stems, in part, from failing to give the term "including" in section 231.204 the proper effect. The Order categorizes the listed

items and concludes that filing fees are excluded from the "fees or other amounts" which our clerk may not charge to a Title IV–D agency. That is, the Order interprets the term "including" as limiting "fees and other amounts" to the types of fees which it concludes are represented by the five items specifically listed. This is contrary to the rules of construction given to us by the Legislature.

Section 311.005 of the Code Construction Act instructs us that "includes" and "including" are terms of enlargement and not of limitation or exclusive enumeration. Tex.Gov't Code Ann. § 311.005(13) (Vernon 1998). Furthermore, we are instructed that the use of either of those terms does not create a presumption that components not expressed are excluded. *Id.* Thus, given its plain meaning and giving "including" its proper enlarging function rather than a limiting function, section 231.204 says that unless we can find another provision in subchapter C that allows us to collect a "fee and other amount" (which includes a filing fee), we cannot collect that fee or amount.

Section 231.202 of the Family Code is included in subchapter C, so we may look there for authority to collect a filing fee from the Attorney General. Tex.Fam.Code Ann. § 231.202 (Vernon Supp.2001).[1] Section 231.202(1) provides for the collection of "filing fees and fees for issuance and service of process as provided by Chapter 110 of this code and by Sections 51.317, 51.318(b)(2), and 51.319(2), Government Code." *Id.* § 231.202(1). Looking to chapter 110, the Order finds general language that provides that fees "shall be as in civil cases generally" and concludes that because we are authorized by the appellate rules to charge a fee to file an appeal, the Attorney General must pay also. *Id.* § 110.001 (Vernon 1996); Tex.R.App .P. 5. I disagree with this interpretation as well.

Section 231.202 and Chapter 110 in its entirety seem to me to apply to filing fees and charges payable to county officers, including trial court clerks. Is there a reason to distinguish between an appellate clerk and a trial court clerk? I believe there is. An appeals court and its clerk (like the Attorney General) are part of state government and our budget is part of the State's budget, whereas trial court clerks are officials of county governments whose budgets are separate from the State's budget. Thus, payment by the Attorney General to county officials is payment by one entity to another. Payment by the Attorney General to a court of appeals is a transfer of funds from one "pocket" to another.

If chapter 110 applies to trial court clerks, it does not assist us. *Id.* § 110.001. If chapter 110 does not assist us, then section 231.202 does not assist us. *Id.* §§ 110.001, 231.202. For that reason, we should conclude that section 231.204 exempts the Attorney General, when acting as the Title IV–D agency, from appellate filing fees. *Id.* § 231.204.

Because the Order holds otherwise, I respectfully dissent.

---

1. The Order relies on no other section within subchapter C, and I find none that would aid us in an effort to collect such filing fees.