**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS,**
Petitioner,

v.

**Danny J. LEE, Respondent.**

No. 01–0471.

Supreme Court of Texas.

Dec. 5, 2002.

John B. Worley, Office of Attorney General, John Cornyn, Attorney General, Howard G. Baldwin, First Assistant Attorney General, Cynthia Bryant, Deputy Attorney General for Child Support, Rhonda Amkraut Pressley, Office of Attorney General, Austin, and Angela Crouch Gilliland, Child Support Div., Fort Worth, for Petitioner.

Robert C. Dunn, Robert C. Dunn & Associates, Corsicana, for Respondent.

PER CURIAM.

This case presents two issues: (1) whether child-support judgments accrue

postjudgment interest when the judgment does not expressly award it, and (2) whether the Office of the Attorney General, acting as a Title IV–D agency, is required to pay appellate filing fees in a Title IV–D appeal.[1] We conclude that child-support judgments, like all other monetary judgments, accrue postjudgment interest. We also conclude that the Attorney General, acting as a Title IV–D agency, is not obligated to pay appellate filing fees. Accordingly, without hearing argument we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for proceedings consistent with this opinion.

Danny J. Lee and his wife divorced in 1980. The district court ordered Danny to pay child support. In 1987, the Attorney General initiated contempt proceedings against Danny, alleging that he owed $17,425.00 in past-due child support. After a hearing, the district court rendered judgment that Danny owed $16,900 in arrearages and ordered Danny's employer to withhold $500.00 of his earnings from his monthly paychecks. The judgment did not specifically award postjudgment interest.

In 1998, the Attorney General filed an "Administrative Writ of Withholding" directing Danny's employer to withhold $500.00 per month from Danny's earnings to pay the arrearage. *See* TEX. FAM.CODE § 101.0011. In that administrative filing, the Attorney General alleged that Danny owed more than $5,000 in accrued interest on the district court's 1987 judgment. In response, Danny filed a "Motion for Clarification, Determination of Arrearage, Disallow [sic] Interest and Modification," challenging the Attorney General's right to

recover postjudgment interest on the ground that the Attorney General had not filed a motion to modify the original child-support judgment and therefore could not issue a writ of withholding to collect interest on the 1987 judgment.

The trial court appointed a child support master to conduct a hearing on Danny's motion. The master determined that Danny had an arrearage of $1,000.00 in child support interest but had overpaid his child support obligation by $987.88, resulting in a net arrearage of $13.12. The Attorney General appealed the master's order to the trial court, seeking recovery of more than $5,000 in interest. The trial court agreed with the special master's findings and ruled that Danny owed no "further obligation to the State of Texas, Attorney General Collection Division, or to PEGGY ANN LEE." Accordingly, the trial court ordered that the Attorney General take nothing and permanently stayed the administrative writ. The Attorney General appealed the trial court's order contending, among other things, that the trial court abused its discretion by failing to award postjudgment interest on the child-support judgment. The court of appeals affirmed the trial court's judgment and held, *inter alia,* that allowing postjudgment interest in the present case would constitute an impermissible modification of a judgment "that has long since become final to add an obligation that was not originally included therein." 47 S.W.3d 693, 695. On appeal before this Court, the Attorney General challenges the court of appeals' conclusion that a child-support judgment does not accrue postjudgment interest unless it expressly provides for such interest.

---

1. Title IV–D of the Social Security Act requires states to "provide services relating to the establishment of paternity or the establishment, modification, or enforcement of child support obligations...." 42 U.S.C.

§ 654(4) (Supp.2002). The Family Code designates the Attorney General as Texas' Title IV–D agency and sets forth its rights and responsibilities to collect child support. *E.g.,* TEX. FAM.CODE §§ 231.001, .0011, .101.

■ At the time of the original divorce decree, the controlling statute provided that "all judgments of the courts of this state earn interest at the rate published by the consumer credit commissioner in the Texas Register." [2] Act of May 17, 1983, 68th Leg., R.S., ch. 107, § 1, 1983 Tex. Gen. Laws 518, *repealed by* Act of May 24, 1997, 75th Leg., R.S., ch. 1008, § 6, 1997 Tex. Gen. Laws 3601, 3602. The statute is unambiguous and does not require, as a prerequisite for accruing interest, that judgments specifically include an award of postjudgment interest. *See Lenz v. Lenz,* 79 S.W.3d 10, 19 (Tex.2002) ("When construing a statute, we ascertain the Legislature's intent from the plain meaning of the actual language used."). Instead, under the statute, interest accrues automatically once a court renders its judgment. Accordingly, after the trial court rendered its judgment, Danny had two options: (1) pay the judgment and avoid interest accrual, or (2) defer payment and owe statutorily imposed interest on the judgment. Because Danny chose to defer payment, we hold that he is liable for postjudgment interest.

■ The second issue concerns the payment of appellate filing fees. The Attorney General argued in the court below that, as a Title IV–D agency, it was exempt from paying appellate filing fees. *See* TEX. FAM.CODE § 231.001 ("The Office of the attorney general is designated as the state's Title IV–D agency."). In a separate opinion, the court of appeals concluded that the Attorney General was exempt from paying the $25 judicial fund fee and ordered that the Attorney General pay $100 of the $125 filing fee. 36 S.W.3d 702, 708. The Attorney General argues here that when it acts as a Title IV–D agency, Family Code section 231.204 prohibits the clerk of an appellate court from collecting any fees unless specifically permitted by subchapter C of the Family Code.[3] *See* TEX. FAM.CODE § 231.204 ("Except as provided ... an appellate court ... may not charge the Title IV–D agency ... any fees or other amounts otherwise imposed by law for services rendered in, or in connection with, a Title IV–D case...."). Because subchapter C does not specifically permit appellate filing fees, the Attorney General argues that the clerk has no authority to impose the fee in this case. We agree.

As a general rule, Family Code section 231.204 prohibits appellate courts from collecting fees for services rendered in a Title IV–D case except as provided by subchapter C. TEX. FAM.CODE § 231.204.[4] Family Code section 231.202 provides exceptions to the general rule. TEX. FAM.CODE § 231.202 (listing the authorized costs and

2. Generally, the Finance Code governs the accrual of post-judgment interest. *See* TEX. FIN.CODE § 304.005 ("[P]ostjudgment interest on a money judgment of a court of this state accrues during the period beginning on the date the judgment is rendered and ending on the date the judgment is satisfied."). However, subsequent to this suit, the Legislature enacted a statute that specifically controls the accrual of postjudgment interest in cases involving child support. *See* TEX. FAM.CODE § 157.265. Because Family Code section 157.265 was not in force at the time this dispute arose, we rely only on the Finance Code to resolve the postjudgment interest issue presented in this appeal.

3. Subchapter C (Payment of Fees and Costs) is located in Texas Family Code Title 5 (The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship), subtitle D (Administrative Services), chapter 231 (Title IV–D Services).

4. After the court of appeals' decision here, the Legislature amended the statute in certain respects. Because the amendments do not apply to the decision today, all statutory references are to the Code as it existed at the time of the court's order.

fees in Title IV–D cases). The court of appeals held that section 231.202 "specifically requires payment of filing fees...." 36 S.W.3d at 704. Although we agree that section 231.202 requires the Title IV–D agency to pay some filing fees, we disagree that the section requires the agency to pay appellate filing fees. Section 231.202 requires a Title IV–D agency to pay "filing fees ... as provided by Chapter 110 of this code and by Sections 51.317, 51.318(b)(2), and 51.319(2), Government Code." Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 7.21(a), 1997 Tex. Gen. Laws 382 (amended 2001). Chapter 110 and the Government Code sections outlined in section 231.202 discuss various filing fees; however, they do not mention or refer to appellate filing fees. The Legislature omitted Government Code section 51.207, which concerns fees collectible by the clerk of a court of appeals, from the Government Code sections listed in section 231.202. And, unlike the list provided in section 231.204, section 231.202's list is exhaustive. TEX. GOV'T CODE § 311.005(13) (" 'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration....."). Thus, had the Legislature intended to require Title IV–D agencies to pay appellate filing fees, it would have included section 51.207 among the other fee statutes expressly mentioned in section 231.202. To read the statute as the court of appeals did, we would have to read into section 231.202 an implied reference to section 51.207, which we decline to do. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981) ("[E]very word excluded from a statute must ... be presumed to have been excluded for a purpose."). Additional language is read into a statute "[o]nly when it is necessary to give effect to the clear legislative intent." *Id.* (citing *Mauzy v. Legislative Redistricting Bd.,* 471 S.W.2d 570, 572 (Tex.1971)). Nothing in the Family Code suggests that the Legislature intended Title IV–D agencies to pay appellate filing fees.

As a result, we are bound by section 231.204's general rule prohibiting the collection of fees from a Title IV–D agency unless expressly provided by subchapter C and hold that the Attorney General is not required to pay appellate filing fees in this case. It is worth noting that in the 2001 legislative session, the Legislature amended section 231.204 to prohibit appellate courts from collecting filing fees from a Title IV–D agency. *See* TEX. FAM.CODE § 231.204 (amended 2001).

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand the case to the trial court for proceedings consistent with this opinion. TEX.R.APP. P. 59.1.

Justice SMITH did not participate in the decision.