**PARK ENVIRONMENTAL EQUIPMENT, LTD.,**
Appellant,

v.

**TEXAS CAPITAL FUNDING, INC., Appellee.**

No. 14–02–00418–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 6, 2003.

---

Stanford Scott Boyd, Beaumont, for appellant.

Joan K. Kehlhof, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices SEYMORE and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

In the course of a real estate project in Harris County, an owner hired a general contractor who hired a subcontractor (Gulf Environmental, Inc.) who bought materials from appellant Park Environmental Equipment, Ltd. Before completion, Gulf sold its accounts receivable on the project to appellee, Texas Capital Funding, Inc., and gave notice to the general contractor of the assignment. Accordingly, when the owner paid the general contractor, the general contractor paid Texas Capital; nobody paid Park.

Park initially sued the president of Gulf and another company, but nonsuited when they could not be found for service. Park then sued Texas Capital, claiming the funds it got from the general contractor were trust funds for material-suppliers like Park. After a short trial on stipulated facts and exhibits, the trial court disagreed, and granted a take-nothing judgment for Texas Capital.

Park presents ten [1] points of error, all of which turn on a single legal question: does the Texas Construction Trust Fund Act apply to the funds received by Texas Capital? *See* TEX. PROP.CODE §§ 162.001–.033. Because we believe it does not, we affirm.

██ The Act provides that construction payments to contractors or their agents must be held in trust for those who furnish labor or material on the project:

> Construction payments are trust funds under this chapter if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state.
>
> . . .
>
> A contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds.
>
> . . .
>
> An artisan, laborer, mechanic, contractor, subcontractor, or materialman who labors or who furnishes labor or material for the construction or repair of an improvement on specific real property in this state is a beneficiary of any trust funds paid or received in connection with the improvement.

*Id.,* §§ 162.001(a), 162.002–.003. The Act provides civil and criminal penalties for those who misappropriate trust funds by not paying for labor or materials on the project. *See id.,* § 162.032.

---

1. Nine of Park's points concern its trust-fund claim; the tenth concerns its claim for attor-ney's fees, which is contingent upon success on the first nine.

The parties agree Park is one of the intended beneficiaries of the statute. They also agree Gulf misappropriated trust funds, either when it sold the accounts receivable to Texas Capital or when it paid Park nothing from the proceeds.

But they disagree whether the statute governs the funds Texas Capital received. Park argues Texas Capital stepped into Gulf's trustee shoes when it bought Gulf's receivables. Texas Capital argues it did not, as it is neither one of the entities ("contractor, subcontractor, or owner") nor one of the agents ("officer, director, or agent") listed in the statute. It appears that no court has addressed this question.

Unless a statute is ambiguous, we must follow the clear language of the statute, adding nothing beyond what appears. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981) (stating that "every word excluded from a statute must ... be presumed to have been excluded for a purpose."). Language is read into a statute only when necessary to give effect to the clear intent of the legislature. *Office of the Attorney General of Texas v. Lee*, 92 S.W.3d 526, 529 (Tex. 2002). We do not find believe that is necessary here.

If a construction company uses project payments to buy cars for its officers instead of paying subcontractors, there is no question that company has misappropriated trust funds under the Act. But it does not follow that the car dealership who received the funds is a party to the fiduciary breach. There was no evidence that Texas Capital gave less than full value for the receivables it bought; indeed, the undisputed evidence was to the contrary— Gulf collected some of the receivables it had purportedly sold to Texas Capital. While the legislature certainly meant to protect materialmen like Park, there is no indication it meant to do so at the expense of (not to mention the risk of felony) of a third party who provides necessary services for fair value.

Accordingly, we agree the explicit words of the statute do not apply to the funds once they were paid to Texas Capital. The judgment is affirmed.