ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 6, 2006

Ms. Valeri Stiers Malone, Presiding Officer
Manufactured Housing Board
Texas Department of Housing and
   Community Affairs
Post Office Box 12489
Austin, Texas 78711-2489

Opinion No. GA-0443

Re: Whether a taxing unit has a tax lien on a manufactured home physically located in the unit's jurisdiction on January 1 of the tax year, regardless of how ownership is reflected on the records of the Manufactured Housing Division of the Texas Department of Housing and Community Affairs; whether a tax lien must be filed with the Manufactured Housing Division to be enforceable against a manufactured home that has been properly designated as real property (RQ-0431-GA)

Dear Ms. Malone:

You ask whether a taxing unit has a tax lien on a manufactured home physically located in the unit's jurisdiction on January 1 of the tax year, regardless of how ownership is reflected on the records of the Manufactured Housing Division of the Texas Department of Housing and Community Affairs (the "MHD").[1] You also ask whether a tax lien must be filed with the MHD to be enforceable against a manufactured home that has been properly designated as real property. *See* Request Letter, *supra* note 1, at 2.

The MHD maintains centralized records about a manufactured home known as a Statement of Ownership and Location (the "Statement"). The Statement provides, among other things:

> (5) the county of this state in which the home is installed for occupancy;
>
> (6) in chronological order of recordation, the date of each lien on the home and the name and address of each lienholder, or, if a lien is not recorded, a statement of that fact;

---

[1] *See* Letter from Valeri Stiers Malone, Presiding Officer, Manufactured Housing Board, Texas Department of Housing and Community Affairs, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 18, 2006) (on file with the Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

. . . .

        (9)   the location of the home; [and]

        (10)  a statement of whether the owner has elected to treat the home
        as real property or personal property[.]

TEX. OCC. CODE ANN. § 1201.205(5)–(6), (9)–(10) (Vernon 2004). When a manufactured home is first sold, the consumer must complete an application for a Statement, and the retailer must file the completed application with the MHD. *See id.* § 1201.206(b)–(c) (Vernon Supp. 2005). In the application the consumer may designate the manufactured home as personal property or, if the home qualifies, as real property. *See id.* § 1201.2055(a)(1)–(2). For a manufactured home designated as personal property, the Statement on file with the MHD is evidence of ownership of the home. *See id.* § 1201.2055(c). And each time a manufactured home considered to be personal property is sold, transferred, or moved, the seller, transferor, or owner must submit an application for a new Statement. *See id.* § 1201.206(d), (f). When the MHD issues a Statement, it must maintain the original in its records and mail certified copies to the owner and any lienholders. *See id.* § 1201.207(b). Liens on a manufactured home are perfected only by filing the lien on the proper form with the MHD. *See id.* § 1201.219(b).

On written request, the MHD must provide information in its records about the current ownership and location of a manufactured home and the existence of all tax lien notices on file. *See id.* § 1201.221(a)(1)–(2). Also, the MHD must provide a monthly report to each county tax assessor-collector and the chief appraiser for each county's appraisal district concerning each installation or transfer of ownership of a manufactured home that occurred in the county during the prior month. *Id.* § 1201.220(a)–(b) (Vernon 2004). The report includes the owner's name, the address or location where the home was installed, and the date of installation. *See id.*

Under chapter 32 of the Tax Code, a tax lien attaches to property on January 1 in favor of a taxing unit with the power to tax the property. TEX. TAX CODE ANN. § 32.01(a) (Vernon 2002). The lien "attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches." *Id.* Generally, a personal property lien is perfected upon attachment without further action by the taxing unit. *See id.* § 32.01(d). Perfection of a lien on a manufactured home designated as personal property, however, requires the further step of filing notice with the MHD. *See id.* §§ 32.01(d), .03(b) (Vernon Supp. 2005).

You first seek advice about whether the MHD may accept a tax lien for filing only when the owner listed on the tax lien notice is the same person shown in the MHD's records as the current owner of the home. Request Letter, *supra* note 1, at 1. You ask generally whether a lien to secure the ad valorem taxes on a manufactured home attaches to the specific home or to the owner's property, summarizing the question as: "Does the lien follow the home or the taxpayer?" *Id.*

A tax lien attaches to property, not to the person, and is enforceable in an "in rem" proceeding. *Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 168 (Tex. App.—Tyler 2000, pet. denied). Under section 32.01(a) of the Tax Code, a tax lien attaches to the property on January 1 of the tax year for all taxes "ultimately imposed" during the year. *See* TEX. TAX. CODE ANN. § 32.01(a) (Vernon 2002).

We must look further, however, to determine whether the owner's name reflected in a tax lien notice must match the name that MHD records show as the current owner. In the usual case a tax lien will attach before the property is assessed and the tax bill is mailed, which bill is then due for payment on January 1 of the following year. *See Shaw v. Phillips Crane & Rigging*, 636 S.W.2d 186, 187–88 (Tex. 1982) (describing the chronology of attachment, rendition, assessment, and enforcement of personal property ad valorem taxes). Thus, for the year in which a manufactured home is sold, the notice of a tax lien will reflect the name of the person who owned the manufactured home as of January 1, which is when the lien attached to the property. Depending on when during the year the sale takes place, it is highly likely that the MHD's records will show a different person, *i.e.*, the purchaser, as the current owner.

Section 32.03(b) of the Tax Code provides that a bona fide purchaser of a manufactured home "is not required to pay any taxes that have not been recorded with the Texas Department of Housing and Community Affairs." TEX. TAX CODE ANN. § 32.03(b) (Vernon Supp. 2005). It has been suggested that section 32.03(b) should be construed to mean that a tax lien is not enforceable against a purchaser of a manufactured home unless a tax lien notice appears in the MHD's records *at the time the home was purchased.*[2] We construe a statute according to its plain language, however. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). Additional words may be read into a statute "'[o]nly when it is necessary to give effect to the clear legislative intent.'" *Office of the Attorney Gen. v. Lee*, 92 S.W.3d 526, 529 (Tex. 2002) (quoting *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). While section 32.03(b) protects a bona fide purchaser from unfiled liens, it does not establish when a tax lien on a manufactured home may be filed. *See* TEX. TAX CODE ANN. § 32.03(b) (Vernon Supp. 2005). Rather, section 32.03(a-1) of the Tax Code establishes when a tax lien on a manufactured home must be filed to be enforceable—"not later than six months after the end of the year for which the tax was owed." *Id.* § 32.03(a-1). To answer your first question, a tax lien for taxes owed on a manufactured home attaches to the specific home on January 1 of the tax year, and a taxing unit may perfect a tax lien by timely filing notice under section 32.03(a-1), even if the notice reflects the name of the prior owner rather than the current owner as shown by the MHD's records.

You ask second whether a tax lien for a manufactured home designated as real property must be recorded in the MHD's records to be enforceable and, if not, must the MHD record such tax liens that are tendered. *See* Request Letter, *supra* note 1, at 2. Section 1201.216 provides that when an owner has elected to treat a manufactured home as real property, the MHD must indicate that fact

---

[2]*See* Brief from Bobbi Hill, Executive Director, Texas Manufactured Housing Association, Inc., to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Mar. 21, 2006) at 4 (on file with the Opinion Committee) (emphasis added).

on the Statement as well as the fact that "the department no longer considers the home to be a manufactured home for purposes of regulation under this chapter." TEX. OCC. CODE ANN. § 1201.216(a)(1)–(2) (Vernon Supp. 2005). Thereafter, the owner must file a certified copy of the Statement in the real property records where the home is located and notify the MHD and the local tax assessor-collector that the copy has been filed. *Id.* §§ 1201.2055(d), .222. Then the MHD and the local tax assessor-collector must note in their respective records that the real property election has been perfected. *Id.* § 1201.2055(f). Once that has been accomplished, "the home is considered to be real property for all purposes." *Id.* § 1201.2055(g). As long as the manufactured home retains its real property status, a tax lien for taxes on the home attaches to the land on which it is located. *See* TEX. TAX CODE ANN. § 32.014(a) (Vernon Supp. 2005).

The provision for perfecting a tax lien on a manufactured home by filing it in the MHD's records specifically concerns a home that is personal property. *See id.* § 32.03(a-1). Neither chapter 1201 of the Occupations Code nor the Tax Code contains a comparable filing requirement for a manufactured home that is real property. As the manufactured home designated as real property is "considered to be real property for all purposes," TEX. OCC. CODE ANN. § 1201.2055(g) (Vernon Supp. 2005), a tax lien to secure property taxes for the home is perfected upon attachment without further action by the taxing unit. *See* TEX. TAX CODE ANN. § 32.01(d) (Vernon 2002). Consequently, notice of a tax lien for a manufactured home designated as real property is not required to be filed with the MHD for the lien to be enforceable, and no statute requires the MHD to record such notices if tendered.

## S U M M A R Y

A tax lien for taxes owed on a manufactured home attaches to the specific manufactured home and a taxing unit may perfect a tax lien on the home by filing a notice of the lien with the Manufactured Housing Division of the Texas Department of Housing and Community Affairs (the "MHD") not later than six months after the end of the year for which the tax is owed, even though the notice may reflect the name of the prior owner rather than the current owner as shown by the MHD's records. Notice of a tax lien on a manufactured home properly designated as real property need not be filed with the MHD to be enforceable.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee