# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-25-00258-CV**

---

**In the Interest of C.S.S.**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY**
**NO. 106927B, THE HONORABLE MIKE RUSSELL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Raymond T. DeMeritt, appearing pro se, appeals from the trial court's order denying his motion to terminate child support and wage withholding. We affirm the trial court's order.

## BACKGROUND[1]

DeMeritt was declared to be the father of C.S.S. in a 1985 Agreed Decree of Legitimation and was ordered to pay child support to Sherry Lea Townsend for the benefit of C.S.S. Pursuant to that order, DeMeritt was required to pay monthly child support of $175, beginning August 31, 1985, to the Office of the Attorney General (OAG). In September 1989, the OAG filed a Uniform Support Petition, seeking reimbursement, support, and arrearages from DeMeritt. In October 1989, the 146th District Court of Bell County (the Texas trial court) signed a Certificate and Order under the Uniform Reciprocal Enforcement of Support Act, transmitting

---

[1] The facts in this section are derived from the trial court's unchallenged findings of fact.

the case to the California Department of Justice for enforcement. An Order for Support Reimbursement and Wage Assignment was rendered by the Superior Court of the State of California for the County of Sacramento (the California trial court) in April 1990, in which DeMeritt was ordered to pay (1) monthly current child support of $175 until C.S.S. reached the age of eighteen, married, or became emancipated or until further court order and (2) a monthly repayment of $50 towards an arrears judgment of $7,250 until said arrears were paid in full.

On September 18, 2024, DeMeritt filed a Petition to Terminate Withholding for Child Support in the Texas trial court, stating that C.S.S. is married. He attached to his petition a Financial Activity Report from the OAG as of September 10, 2024, showing that he owed $33,971.82. On December 11, 2024, DeMeritt filed a Motion to Terminate Child Support and Garnishment, alleging that the OAG had failed to properly allocate his child-support payments as set out in Texas Family Code Section 157.268 and had "misclassified" unpaid interest as principal. He further alleged that he had already met his child-support obligations and had "overpaid" by making total payments of $111,944 toward a total obligation of $38,000.

On January 6, 2025, the OAG filed an answer, appending and incorporating by reference several exhibits: (1) the Texas trial court's 1989 order, (2) the California trial court's 1990 order, and (3) a Financial Activity Report detailing accounting entries from August 31, 1997, to January 3, 2025, and indicating that as of January 6, 2025, DeMeritt owed $30,990.57. The OAG specifically denied DeMeritt's claims that he was ordered to pay a total obligation of $38,000, that he had paid $111,944 toward that total, and that he had overpaid his child-support obligation. The OAG contended in its answer that pursuant to Texas Family Code Section 157.267, accrued interest is part of a parent's child-support obligation and may be enforced by any means provided for collection of child support, and that pursuant to Section 158.004, if

2

current support is no longer owed, the OAG may order that income be withheld for arrearages, including accrued interest, in an amount sufficient to discharge those arrears in not more than two years. *See* Tex. Fam. Code §§ 157.267, 158.004; *see also id.* § 158.502 (authorizing OAG to issue administrative writs of withholding for outstanding child-support arrearages).

The OAG further cited Section 157.265(f) of the Family Code, which provides that child-support orders rendered before January 1, 2002—such as the one here—are governed by the law in effect at the time the order was rendered, with such law continuing in effect for that purpose. *See id.* § 157.265(f). The OAG asserted that because in 1990 no Texas statutes regulated how much interest accrued on child-support arrears, the OAG has followed its policy on interest accrual instead. *See id.* § 157.265(e) (providing that arrearages existing before January 1, 2002, that were not confirmed and reduced to money judgment accrued interest at rate applying to arrearages before that date); *see also In re M.C.C.*, 187 S.W.3d 383, 385 (Tex. 2006) (holding that for unpaid child support that had not been judicially confirmed before 2002 amendment to Section 157.265, applicable pre-2002 law applied to include such interest in obligor's outstanding obligation, which total obligation would begin accruing interest at new six-percent rate on January 1, 2002); *Office of Att'y Gen. v. Lee*, 92 S.W.3d 526, 528 (Tex. 2002) (holding that OAG could properly issue administrative writ of withholding for postjudgment interest accruing on 1987 arrearage judgment despite judgment's failure to specifically award postjudgment interest); *In re M.C.*, No. 02-15-00044-CV, 2016 WL 2770145, at *4–5 (Tex. App.—Fort Worth May 12, 2016, pet. denied) (mem. op.) (observing that before Section 157.265's inception in 1991, interest accrued under common law on unconfirmed child support but common law was unclear whether such interest should be characterized as prejudgment or postjudgment interest). The OAG represented that its current policy for arrears that were

3

confirmed in 1990 is to use an interest rate of "a minimum of 10%, but no more than 20%, compounded annually. At the end of each fiscal year, the interest accruals for the year are converted and added to the principal. Each month's total arrears is based off the confirmed arrears owed at the end of the last fiscal year minus any payments." *Cf.* Tex. Fam. Code § 157.267 ("Accrued interest is part of the child support obligation and may be enforced by any means provided for the collection of child support.").

On February 3, 2025, the trial court conducted an evidentiary hearing on DeMeritt's motion. *See id.* § 158.506(a), (c) (authorizing obligor to file motion with court to withdraw administrative writ of withholding and to request hearing thereon after being unable to resolve dispute with OAG regarding existence or amount of arrearages). DeMeritt and C.S.S.'s mother, Townsend, each testified briefly, and the OAG stood on its answer and attached exhibits. DeMeritt testified that he had paid $115,000 toward his obligation of $38,000; that the OAG had not provided him a "full breakdown" on "how the payments applied to the principal interest," despite his repeated requests; and that it was a "mathematical impossibility" for any arrears to still be owing since he had paid nearly three times his original obligation. Townsend testified that DeMeritt had "been in a constant state of arrears pretty much since" C.S.S. was born. She testified that "[i]f he had just paid that $175 a month, he would obviously be paid off. But he had done everything in his power to get out of paying child support. And that's why the State of Texas is adding interest to the amount of arrears. He obviously still owes the money."

On March 3, 2025, the trial court signed an order denying DeMeritt's requested relief and later, on DeMeritt's request and after a notice of past-due findings of fact and conclusions of law, timely issued findings of fact and conclusions of law. DeMeritt perfected this appeal from the trial court's order denying his request to terminate withholding.

4

**DISCUSSION**

We review the trial court's ruling for an abuse of discretion. *In re J.C.T.*, No. 05-12-01290-CV, 2014 WL 3778909, at *3 (Tex. App.—Dallas July 31, 2014, pet. denied) (mem. op.). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard for guiding rules or principles, or without supporting evidence. *Kazmi v. Kazmi*, 693 S.W.3d 556, 566 (Tex. App.—Austin 2023, pet denied) (citing *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 482 (Tex. 2022)). In the family-law context, the abuse-of-discretion standard overlaps with traditional standards for reviewing the sufficiency of the evidence. *Id.* (citing *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied)). The legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *A.S. v. Texas Dep't of Fam. & Protective Servs.*, 665 S.W.3d 786, 795 (Tex. App.—Austin 2023, no pet.).

We first determine "whether the trial court had sufficient information on which to exercise its discretion and, if so, whether the trial court erred in its application of discretion." *Id.* The focus of the first inquiry is the sufficiency of the evidence, which we answer using traditional sufficiency standards of review. *Kazmi*, 693 S.W.3d at 566. Additionally, because the trial court made findings of fact and DeMeritt does not specifically challenge any of them, the findings are binding on this Court unless the contrary is established as a matter of law or there is no evidence to support them. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014) ("We defer to unchallenged findings of fact that are supported by some evidence.").

DeMeritt raises five issues. In his first, he contends that the trial court erred by denying his request to terminate withholding because he had "fully satisfied the original child support obligation of approximately $38,000" by making "total payments exceeding $119,000." He supports this argument with one citation to the record: a 2009 notice of nonsuit that the OAG filed in this cause with respect to a 2006 enforcement action it had begun for confirmation of child-support arrearages. He argues that the OAG's continued garnishment of his wages, after this nonsuit notice "formally end[ed] the enforcement proceeding," violates Family Code Sections 154.001(a) and 157.263. But Section 154.001(a) merely provides the various durations of child support that a court may order (e.g., until the child turns eighteen or graduates from high school), and Section 157.263 merely provides the procedures for a court to render a judgment confirming child-support arrearages. *See* Tex. Fam. Code §§ 154.001(a), 157.263. Neither statute supports his argument that by nonsuiting a prior enforcement action the OAG was without authority to continue garnishing his wages for unpaid child support and interest thereon.

Furthermore, DeMeritt does not cite anything in the record supporting his contention that his "original child support obligation" was only $38,000 or rebutting the OAG's evidence showing the arrearages due at the time of the hearing. *See In re A.R.G.*, 645 S.W.3d 789, 793 n.2 (Tex. App.—San Antonio 2022, no pet.) (noting that under Family Code Section 157.162(c), party may submit OAG's Financial Activity Report to prove cumulative arrearage as of final date of record). Because DeMeritt, through his motion to terminate withholding, was challenging the OAG's accounting records documenting his payment and non-payment of child support over the years, he had the burden of proving that he did not owe any arrearages. *See In re J.C.*, No. 05-14-01299-CV, 2016 WL 35447972, at *4 (Tex. App.—Dallas June 28, 2016, pet. denied) (mem. op.) (concluding that trial court did not err in denying father's petition to

terminate wage withholding because evidence showed some amount of child-support arrearage remained unpaid, even though parties disputed amount); *see also* Tex. Fam. Code § 158.506(c) (authorizing obligor to file motion with court to withdraw administrative writ of withholding and to request hearing thereon).

Moreover, in its answer the OAG outlined how it had computed interest on DeMeritt's delinquent payments—providing sample calculations for recent months, using a 10% interest rate, compounded annually—and DeMeritt did not produce any evidence or authority controverting such computation. Finally, as already noted, DeMeritt does not challenge the trial court's finding that as of January 6, 2025, he had "an outstanding balance of $30,990.57." Although DeMeritt argues and testified that he has paid three times his "original obligation," we cannot say that there is no evidence to support the trial court's finding about his current outstanding balance—which necessarily takes into account the interest the OAG calculated and assessed over the decades—nor can we say that the evidence conclusively established that he owes nothing. *See McGalliard*, 722 S.W.2d at 696. On this record, we cannot conclude that the trial court abused its discretion in denying DeMeritt's request to terminate withholding. That is, the trial court had sufficient information on which to exercise its discretion and did not err in exercising it as it did. *See A.S.*, 665 S.W.3d at 795. We overrule DeMeritt's first issue.

In his second issue, DeMeritt argues that the OAG's garnishment of his social-security benefits violates 42 U.S.C. § 407. *See* 42 U.S.C. § 407. He concedes, however, that garnishment of social security benefits is expressly permitted for child support. *See id.* § 659(a) ("Notwithstanding any other provision of law (including section 407[)] . . . moneys . . . shall be subject . . . to withholding . . . to enforce the legal obligation of the individual to provide child support"). Nonetheless, he argues that Section 659(a) "does not authorize continued

7

garnishment once the principal obligation has been paid or for reclassified interest amounts." Beyond this statement, DeMeritt does not provide further substantive argument or citation to support his contention. Additionally, his contention is premised on his allegation that he has already met his child-support obligation. As discussed in addressing DeMeritt's first issue, DeMeritt has not demonstrated that the trial court abused its discretion in determining that he did not meet his burden to prove that his child-support obligation had been met. We overrule DeMeritt's second issue.

In his third issue, DeMeritt contends that, despite his "repeatedly requesting an accounting of how $119,000 in payments were applied," the OAG produced only the Financial Activity Report appearing in the clerk's record, which "fails to distinguish between principal and interest or explain how the current balance was calculated." He argues that the OAG's failure to explain its accounting violates his right to due process and Family Code Section 154.004. However, Section 154.004 merely provides for where child-support payments must be made ("to the state disbursement unit") and does not support DeMeritt's issue. *See* Tex. Fam. Code § 154.004 ("Place of Payment"). As to his due-process argument, DeMeritt was provided an evidentiary hearing and had the opportunity to present evidence controverting the OAG's calculation of how much he owes. However, he did not call any witnesses to demonstrate that the OAG's accounting was flawed or provide any other evidence or authority to dispute the OAG's records and explanation of its interest policy stated in its answer. DeMeritt has not cited any authority demonstrating that due process requires more than the process he received, as the party asserting that he had fulfilled his child-support obligation and challenging the OAG's accounting. On this record, DeMeritt has not demonstrated that he was deprived of due process through the proceedings below. We overrule DeMeritt's third issue.

In his fourth issue, DeMeritt contends that he was prejudiced by the following "procedural omissions" by the trial court: (1) failing to rule on his "Motion to Compel Full Accounting," which he filed over a week after the hearing on his motion to terminate withholding; (2) delaying issuing its findings of fact; and (3) "simply adopt[ing]" the OAG's accounting balances without addressing his arguments about nonsuit, overpayment, and constitutional violations. He supports this argument by citing Texas Rule of Civil Procedure 296 and *In re E.R.*, 385 S.W.3d 552 (Tex. 2012). Beyond mere citation to these two authorities, however, DeMeritt provides no substantive argument or explanation of how they apply to his issue. He also does not assert how he was allegedly harmed by any of these purported errors.[2] *Cf.* Tex. R. App. P. 44.1 (harmless-error rule). He therefore has waived this issue due to inadequate briefing. *See* Tex. R. App. P. 38.1(i) (requiring that briefs include argument for contentions made, with appropriate citations to authorities and to record); *LMP Aus. Eng. Aire, LLC v. Lafayette Eng. Apartments, LP*, 654 S.W.3d 265, 291 (Tex. App.—Austin 2022, no pet.).

In his final issue, DeMeritt argues that he is entitled to restitution and interest on "all funds collected after satisfaction of" his child-support obligation. However, this argument is premised on the assumption that DeMeritt has satisfied his child-support obligation. We have already determined that the trial court did not abuse its discretion in concluding that he did not prevail in proving that fact. We therefore overrule his final issue.

---

[2] Additionally, our review of the relevant rules of civil procedure and the record reveals that the trial court complied with the applicable deadlines for filing its findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 297, 306a, 306c. And the case DeMeritt cites, *In re E.R.*, 385 S.W.3d 552 (Tex. 2012), is not relevant to this case, as it addressed whether service by publication on a parent in a proceeding to terminate parental rights constituted due process.

## CONCLUSION

Having overruled DeMeritt's issues, we affirm the trial court's order denying his motion to terminate wage withholding for child support.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   April 22, 2026