James Robert DUKE, Jr., et ux., Appellants,

v.

Julia Duke SQUIBB et al., Appellees.

No. 7641.

Court of Civil Appeals of Texas.

Texarkana.

July 20, 1965.

Barbara L. Welz, Welz & Anderson, Dallas, for appellants.

James A. Cribbs, Bondurant & Cribbs, Arlington, for appellees.

FANNING, Justice.

A summary judgment case. Julia Duke Squibb, John Bradley Underwood and Robert Duke Underwood sued James Robert Duke, Jr. and wife, Dorothy Duke, alleging that plaintiffs and defendant James Robert Duke, Jr. were joint owners of real and personal property belonging to the estate of James Robert Duke, Sr., deceased, that the personal property was subject to partition in kind and that the real estate, consisting of a house and lot located in Dallas County, occupied by defendant and his wife, was not subject to partition in kind, but that said house and lot should be sold and the proceeds be paid to the joint owners according to their interests, etc. Plaintiffs' suit was filed August 14, 1963.

Defendants in their first amended answer, filed Feb. 25, 1964, contended, among other things, to the effect that in any partition they were entitled to be paid on three claims (A, B & C) they had against said estate, claim A being a claim of Dorothy Duke for nursing services for James Robert Duke, Sr., deceased, for the period of June 1, 1959 to Feb. 1960, with interest, said claim A totalling $4,284.00, claim B being a similar claim for nursing services in the same amount by James Robert Duke, Jr., and claim C being a claim of James Robert Duke, Jr. and wife, Dorothy Duke, for various itemized items of taxes on the said house and lot, fire and casualty insurance premiums, various items of improvement and repair to said property, paid by them from Jan. 1, 1960, through the years 1960, 61, 62, and through December 1963, with all of said items and interest thereon totalling the sum of $2,606.10. Defendants further alleged that there were not sufficient assets of personal property in said estate to pay said claims and that such claims were liens against the real estate and in effect should be paid from proceeds arising from the sale of the real estate, the principal asset remaining of the estate.

Defendants, in their first and second supplemental answers, alleged in effect that in consideration of the nursing services rendered by them as shown in their claims A and B, James Robert Duke, Sr., deceased, and his deceased wife executed and delivered a warranty deed to defendants conveying to defendants fee simple title to the house and lot in question, but that later, on Aug. 28, 1962, a judgment was entered in the 44th District Court of Dallas County, Texas, setting aside said deed and declaring such deed null and void, and that the said judgment on Aug. 28, 1962, caused and effected the total consideration for said deed to fail, and that the nursing claims, A and B, were from and after the date of Aug. 28, 1962, unpaid and due to defendants, and that claims A, B and C should be paid to them out of the assets of the estate, etc.

Plaintiffs in their second amended motion for summary judgment, among other things, contended to the effect that the claims of defendants were barred by the two year statute of limitations in that James Robert Duke, Sr. died on Feb. 9, 1960, and that defendants' claims therefor were not asserted until Feb. 25, 1964, more than four years after the death of James Robert Duke, Sr., and further contention was made by plaintiffs that under Rule 97(a), Texas Rules of Civil Procedure, the claims of defendants were compulsory counter-claims, and should have been asserted by said defendants as compulsory counter-claims in Cause No. 53715H, styled "Julia Duke Squibb, et al vs. James Robert Duke, Jr., et ux", in the 44th District Court of Dallas County, Texas.

While plaintiffs' motion for summary judgment referred to said cause No. 53715H, no sworn or certified copies of the pleadings and judgment in said Cause No. 53715H were attached to said motion. None of the proceedings or papers in said Cause No. 53715H appear in the record in this cause. The judgment of the trial court, however, does contain a recital that the pleadings and judgment in said Cause No. 53715H were considered.

The trial court granted plaintiffs' motion for summary judgment, denying all claims of defendants, ordering partition, etc. Defendants have appealed.

The recent case of Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., Tex. Sup.Ct., 391 S.W.2d 41, (June, 1965) states the principles of law applicable to the determination of whether a summary judgment should be granted. We quote from the court's opinion in part as follows:

"This is a summary judgment case; and in answering the above question, we must follow certain rules laid down by this Court. Rule 166-A Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957); Smith v. Bolin, supra; Gulbenkian v. Penn, supra. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. Valley Stockyards Co. v. Kinsel, supra; James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 at 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943); Simonds v.

Stanolind Oil & Gas Co., 134 Tex. 332 [114 S.W.2d 226], 136 S.W.2d 207 (1940). After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

There was unquestionably an issue of material fact with reference to whether defendants' claim C, or at least a portion thereof, should have been allowed and paid out of the proceeds of the sale of the house and lot. This claim amounted to $2,606.10. A portion of the items of claim C were not barred by the two year statute of limitations, even if the two year statute of limitations was applicable. Also a portion of the items in claim C were paid by defendants after the judgment of Aug. 28, 1962 in Cause No. 53715H. It is our further view that as to any portion of the claim of James Robert Duke, Jr., with respect to claim C, for improvements and repair, taxes, insurance, etc. as items paid by him to protect the house and lot in question, which might appear to be barred by the two year statute of limitations, would not be barred for the reason that he, James Robert Duke, Jr., was co-tenant and co-owner with plaintiffs of the house and lot and in a partition James Robert Duke, Jr., was entitled to set up his equities to reimbursement from the other plaintiff co-tenants and co-owners as to the portions due by them of the items paid as set out in claim C, especially as to the portion paid by James Robert Duke, Jr., and under these circumstances limitation statutes would not be applicable in the adjustment of the equities between co-tenant James Robert Duke, Jr., and the co-tenant plaintiffs. In this connection see Tapp v. Tapp, Tex.Civ.App., 134 S.W.2d 683, and authorities cited therein.

Since claim C of appellants raised material issues of fact the summary judgment cannot stand and must be reversed.

As hereinbefore stated, the record does not contain any certified or sworn copies of the pleadings and judgment in said Cause No. 53715H. In Gardner v. Martin, Tex.Sup.Ct., 345 S.W.2d 274 (1961), it was stated in part as follows:

"Subsection (e) of Rule 166–A speaking of forms of affidavits says, '* * * sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith * * *.' Defendants' motion for summary judgment referred to Cause No. 58–68, and states '* * * which matters are all of record in said court, to which record reference is hereby made.' * * * We hold, however, that a compliance with Rule 166–8(e) required that the certified copies of the documents referred to should be attached to the motion. There were no papers, records, or other documents from said Cause No. 58–68 attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166–A and were not entitled to a summary judgment."

Since there were no certified or sworn copies of the pleadings and judgment in said Cause No. 53715H attached to plaintiffs' motion for summary judgment, and since the contents of these matters are nowhere shown in the record, we deem it unnecessary to further discuss claims A and B, especially since the summary judgment must be reversed in any event because there were material issues of fact with reference to defendants' claim C.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.