**WILMER–HUTCHINS INDEPEN-
DENT SCHOOL DISTRICT,
Appellant,**

v.

**Judith SMILEY, Individually and d/b/a
JT2 Enterprises, and Diana Newton–
Grayson, Appellees.**

No. 05–02–00728–CV.

Court of Appeals of Texas,
Dallas.

Jan. 8, 2003.

Eric William Schulze, Bridget Ranee Robinson, Walsh, Anderson, Brown, Schultz & Aldridge, P.C., Austin, for Appellant.

Milton G. Hammond, Beirne, Maynard & Parsons, LLP, Dallas, for Appellees.

Before Justices WRIGHT, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice BRIDGES.

Wilmer–Hutchins Independent School District (the District) appeals the trial court's judgment awarding Judith Smiley, individually and d/b/a JT2 Enterprises, and Diana Newton–Grayson damages on their promissory estoppel and quantum meruit claims. In five issues, the District argues Smiley and Newton–Grayson cannot recover under either of their implied contract causes of action because an express contract existed between the parties, promissory estoppel cannot be asserted against the District in its exercise of governmental powers, the evidence is insufficient to support a recovery under either promissory estoppel or quantum meruit, Smiley and Newton–Grayson failed to provide discovery regarding their damages and are thus barred from recovering any damages, and the trial court erred in awarding pre- and post-judgment interest. We affirm the trial court's judgment.

Beginning in February 1995, Smiley and Newton–Grayson began working with the District to improve school performance and to devise a plan for restructuring and administration and for developing an accountability system for teachers and instruction. Smiley and Newton–Grayson put together a team of fifteen people who would commit to working with the district on the condition that the agreement would have to be for a period of multiple years, not just a single year. Between February and June 1995, Smiley worked approximately seventy days for the District, and she had previously billed her services at $500 per day. During the same time peri-

od, Newton–Grayson worked approximately forty-five days for the District, and she also had previously billed her services at $500 per day. However, Smiley and Newton–Grayson were not paid for their work during this period, and they expected the payoff for the work to be a three-year commitment from the District. Smiley would tease Delores Roberts–Quintyn, the District's superintendent, by telling her, "I'm going to bill you for this."

When the school board failed to approve a three-year term, Smiley told Roberts–Quintyn that "it looked like I better get ready to bill for services provided" because the board kept approving the plan but did not approve it for a duration of "three years." Roberts–Quintyn told Smiley the billing would be unnecessary because she was sure the board would approve the whole reorganization for the entire three-year term. Roberts–Quintyn presented Smiley's ideas to the board in May 1995.

Smiley subsequently prepared drafts of a contract for a term of three years and, later, a term of one year because she was concerned that a single contract for three years would be confusing, and the figures would seem extraordinary. Smiley gave the draft contracts to the District's attorney, Bertha Bailey–Whatley. Bailey–Whatley told Smiley the board had approved the three-year proposal, and the board thereby bound themselves to Smiley. Bailey–Whatley reiterated this in an open board meeting. Roberts–Quintyn, Bailey–Whatley, and Smiley also discussed the problem of terminating teachers and the legal constraints the District would face when trying to remove a teacher. As a result, they discussed having everyone sign one-year contracts, knowing there would be a second and third year, but thereby addressing the issue of poorly performing personnel. Glenn Mills, the school board president, told Smiley her contract would be renewed every year, subject to a performance review. Nevertheless, the District terminated Smiley and Newton–Grayson in February 1996. Smiley and Newton–Grayson sued the District for breach of contract and for damages under theories of promissory estoppel and quantum meruit. Following a bench trial, the trial court entered judgment that Smiley and Newton–Grayson's claims for breach of a three-year contract were barred by the statute of frauds but that Smiley and Newton–Grayson were nevertheless entitled to recover from the District. This appeal followed.

■ In its first issue, the District argues Smiley and Newton–Grayson cannot recover under either of their implied contract causes of action because express contracts existed that controlled the services they provided and the compensation they would receive. However, no *signed* copy of any of the draft contracts is contained in the record. In the absence of a signed contract, any oral agreement to perform the three-year service agreement at issue in this case was invalid. *See* Tex. Bus. & Com.Code Ann. § 26.01 (Vernon 2002); *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 594 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Therefore, we conclude, as the trial court held, that Smiley and Newton–Grayson could not recover under the terms of any express contract. As a result, we further conclude Smiley and Newton–Grayson's claims were not limited or controlled by the terms of any express contract. We overrule the District's first issue.

■ We next address the District's third issue in which it argues Smiley and Newton–Grayson presented no evidence, or insufficient evidence, to satisfy their burden of proof on the elements of promissory estoppel or quantum meruit. Quantum meruit is an equitable theory of re-

covery which is based on an implied agreement to pay for benefits received. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). To recover under the doctrine of quantum meruit, a plaintiff must establish that: (1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient. *Id.*

■ Here, the record shows Smiley and Newton–Grayson provided services to the District between February and June 1995 for which they received no compensation. The District accepted these services and assured Smiley and Newton–Grayson that a three-year service agreement was forthcoming. The District argues that, although Smiley and Newton–Grayson were working on their reorganization plan as early as February 1995, the official starting date of their consulting services was not until July 1995. In addition, the District argues, there is no evidence or insufficient evidence Smiley and Newton–Grayson's services provided between February and June 1995 were provided under such circumstances as reasonably notified the District that they expected to be paid for the services. *See id.*

On the contrary, the record shows Smiley spoke with District superintendent Roberts–Quintyn about billing for her services. Further, as the trial court stated in its judgment, the record indicates the District intentionally destroyed documents that were or could have been material to this case, and Smiley and Newton–Grayson were likely prejudiced by such destruction. Even without additional evidence, however, we conclude the evidence in this case establishes Smiley and Newton–Grayson's right to recover under a quantum meruit

theory. *See id.* To the extent the District argues otherwise, we overrule its second issue. Because we conclude Smiley and Newton–Grayson's recovery was supported under a quantum meruit theory, we need not address whether it was also supported under a promissory estoppel theory. Accordingly, we do not address the additional arguments raised in the District's third and second issues.

In its fourth issue, the District argues Smiley and Newton–Grayson were precluded from recovering under a promissory estoppel or quantum meruit theory because they did not supplement their discovery to indicate damages would be sought under anything other than a contract theory. Thus, the District argues, the litigation of Smiley and Newton–Grayson's quasi-contract damages amounted to trial by ambush. In making this argument, the District notes that a court may impose sanctions for discovery abuse revealed for the first time at trial. *See Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 170 (Tex.1993). Because Smiley and Newton–Grayson did not notify the District that they were seeking anything other than damages under a three-year contract, the District argues, the trial court abused its discretion in awarding Smiley and Newton–Grayson quasi-contractual damages. We disagree.

■ We review a trial court's decision relating to discovery sanctions under an abuse of discretion standard. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986); *Dolenz v. State Bar of Tex.*, 72 S.W.3d 385, 387 (Tex.App.-Dallas 2001, no pet.). Smiley and Newton–Grayson filed their original petition on April 2, 1997. By order dated February 27, 1998, the trial court granted the District's plea to the jurisdiction and dismissed this case for lack of jurisdiction. On August 30, 2000, this Court issued an opinion revers-

ing the dismissal of this case and remanding for further proceedings. On June 22 and August 27, 2001, Smiley and Newton–Grayson filed their first and third supplemental petitions reemphasizing their contract claims and raising promissory estoppel and quantum meruit claims. In the interim, on August 6, 2001, the District filed its first amended motion for summary judgment in which it addressed Smiley and Newton–Grayson's breach of contract, promissory estoppel, and quantum meruit claims. Trial in this case did not begin until January 22, 2002. Thus, the District knew of Smiley and Newton–Grayson's promissory estoppel and quantum meruit claims nearly five months before trial and apparently had sufficient notice of those claims to enable them to move for summary judgment on those claims. Under these circumstances, we cannot conclude the trial court erred in failing to impose discovery sanctions for Smiley and Newton–Grayson's failure to more specifically notify the District concerning their promissory estoppel and quantum meruit claims. *See Bodnow*, 721 S.W.2d at 840. We overrule the District's fourth issue.

In its fifth issue, the District argues the trial court erred in its award of pre- and post-judgment interest. Specifically, the District complains that Smiley and Newton–Grayson never indicated to the District, either while working for the District or during discovery, that they would seek damages under a promissory estoppel or quantum meruit theory. Under these circumstances, the District argues, equity dictated against an award of pre- and post-judgment interest. Again, we disagree.

■ We review the trial court's pre-judgment interest award under an abuse of discretion standard. *European Cross-roads' Shopping Center, Ltd. v. Criswell*, 910 S.W.2d 45, 55 (Tex.App.-Dallas 1995, writ denied). Having previously concluded

that Smiley and Newton–Grayson were entitled to recover on their quantum meruit claim and the District had notice of such claim, we cannot conclude the trial court erred in awarding pre-judgment interest on that claim. *See id.* Further, we see no reason, and the District has cited no additional reason, why post-judgment interest was not also proper on the trial court's money judgment for damages. *See* Tex. Fin.Code Ann. § 304.005 (Vernon Supp. 2003).

■ In the alternative, the District argues the trial court erred in calculating the amount of pre-judgment interest it awarded. In its brief, the District urges a calculation of pre-judgment interest and a starting date for that calculation different from that applied by the trial court. However, the District cites no authority to support its calculation or its assertion of a different starting date. Because the District has not made appropriate citations to authorities and the record on this issue, we conclude the District has waived review of this issue. *See* Tex.R.App. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). We overrule the District's fifth issue.

We affirm the trial court's judgment.