B. Alicia **DE LA GARZA**, Appellant,

v.

Leland **DE LA GARZA**, Appellee.

No. 05–04–01453–CV.

Court of Appeals of Texas,
Dallas.

March 3, 2006.

Steven E. Clark, Clark & Associates, Dallas, for appellant.

Leland C. De La Garza, Shackelford, Melton & McKinley, LLP, Dallas, pro se.

Before Justices O'NEILL, FITZGERALD, and LANG.

## OPINION

Opinion by Justice O'NEILL.

B. Alicia de la Garza filed suit to enforce alimony payments under an Agreement Incident to Divorce and cash payments awarded to her in the divorce decree. She appeals from a summary judgment granted in favor of Leland de la Garza. In two

points of error, appellant contends generally that the trial court erred in granting appellee's motions for summary judgment. We overrule appellant's points of error and affirm the trial court's judgment.

## Background

The parties entered into an Agreement Incident to Divorce ("Agreement") which was incorporated into the divorce decree ("Decree") signed on April 8, 1999. The Agreement provided for contractual alimony payments. Appellee agreed to make monthly payments of $4,000.00 to appellant on the first of each month from April 1, 1999 through December 1, 2002. From January 1, 2003 through December 1, 2007, appellee agreed to make monthly payments of $3,500.00 to appellant. In addition, the divorce decree awarded appellant as her separate property $30,000.00 to be paid in three equal installments of $10,000.00 on January 1st of 2000, 2001, and 2002.

Appellee did not make any of the three $10,000.00 payments on time. Two of the installment payments were not completely paid until more than a year after its due date. The entire $30,000.00 award was finally paid by April, 2002.

Approximately two-thirds of the monthly alimony payments were untimely paid. On March 7, 2003, appellant's attorney made written demand on appellee to pay past-due alimony payments. Only after appellant retained counsel and made demand upon appellee to pay amounts owed, did appellee became up-to-date on his payments.

Appellant filed suit to enforce alimony payments on July 1, 2003. In her first amended petition, appellant alleged claims for breach of contract, attorney's fees, and contempt.[1] As damages, appellant sought pre-judgment interest on all late alimony payments and reimbursement for interest charges on funds borrowed to pay her obligations.

Appellee filed a motion for summary judgment on all of appellant's claims. After appellee filed his motion, appellant filed an amended petition, raising for the first time a claim for breach of the divorce decree. The trial court granted appellee's motion for summary judgment on all claims except the breach of the divorce decree.

Appellee then filed a second motion for summary judgment with respect to appellant's claim for post-judgment interest on the cash awards that were untimely paid. The trial court granted the motion, thereby disposing of all of appellant's claims on September 13, 2004. This appeal timely followed.

## Standard of Review

The standard of review in summary judgment is well-established. Tex.R. Civ. P. 166(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a traditional motion for summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgm't Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Ma-*

---

1. Appellant subsequently withdrew her claim      for contempt.

*rine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine fact issue. *Espalin v. Children's Med. Ctr. of Dallas,* 27 S.W.3d 675, 683 (Tex.App.-Dallas 2000, no pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex. App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833. A no-evidence motion, however, is not the proper means to seek summary judgment on an affirmative defense which involves a question of law. *See Harrill v. A.J.'s Wrecker Service, Inc.,* 27 S.W.3d 191, 194 (Tex.App.-Dallas 2000, writ dism'd w.o.j.) (improper for defendant to assert a no-evidence motion for summary judgment on the affirmative defense of preemption).

## The Alimony Payments

Appellant sued appellee for breach of the Agreement. Appellant sought damages in the form of: (1) prejudgment interest on the late alimony payments; and (2) reimbursement of interest charges on borrowed funds necessitated by the late alimony payments. Appellee filed both a no-evidence and traditional motion for summary judgment on the ground that appellant cannot recover on her breach of contract claim because: (1) she has not suffered any damages; (2) pre-judgment interest is not available under the Agreement, statute, or common law; (3) consequential damages in the form of interest charges paid on borrowed funds is not available; and (4) attorney's fees are not available because appellant is not a prevailing party.

In her brief, appellant contends that appellee's no-evidence motion for summary judgment was improper because appellee sought a legal determination that she "had not suffered any damage, and that the parties could not have contemplated when the [Agreement] was signed that Appellant would be forced to borrow funds if Appellee failed to timely pay alimony payments." We disagree. Appellee's no-evidence motion for summary judgment asserted that there was no evidence of the elements of appellant's claims.

## Pre–Judgment Interest

■ A party may recover pre-judgment interest where it is provided for in a contract, statute or the common law. It is undisputed that the Agreement does not provide for pre-judgment interest in the event alimony payments are not timely made. Thus, we look to see whether any statute allows for the recovery of pre-judgment interest or whether pre-judgment interest is recoverable under common law.

■ Appellant relies upon a version of section 302.002 of the finance code in effect when the Agreement was signed to support her contention that the prejudgment interest accrued on the alimony payments. That section read: "When no specified rate of interest is agreed on by the parties, interest at the rate of six percent per year is allowed on all accounts and contracts ascertaining the amount payable, beginning on the 30th day after the date on which the amount is due and payable." *See* Act of May 24, 1997, 75th Leg., R.S., ch. 1008, § 1, 1997 Tex. Gen. Laws 3091, 3422, *amended by* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 7.18, 1999 Tex. Gen. Laws 127, 222–54.

■ Contrary to appellant's contention, however, it is the pre-judgment interest statute in effect at the time of judgment that controls. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528, n. 9 (Tex.1998); *Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d 400, 413 (Tex.App.-Amarillo 2003, pet. denied). In *Natural Gas Clearinghouse*, Midgard Energy recovered on its breach of contract claim. At the time the parties entered into the contract, the statute provided for six percent interest per year on all contracts where the parties do not specify otherwise. *Id.* at 413. This statute, however, was not in effect when the trial court rendered judgment. Natural Gas argued that the trial court should have calculated pre-judgment interest at six percent as opposed to ten percent. The court of appeals disagreed. It held that the statute in effect on the date of judgment and not on the date of the contract controls. *Id.* at 412–14.

Thus, to determine whether appellant may recover pre-judgment interest, we look to the statute in effect at the time the trial court rendered judgment on September 13, 2004. The current version of section 302.002 was in effect on September 13, 2004. It provides:

> If a creditor has not agreed with an obligor to charge the obligor any interest, the creditor may charge and receive from the obligor legal interest at the rate of six percent a year on the principal amount of the credit extended by the creditor to the obligor beginning on the 30th day after the date on which the amount is due.

TEX. FIN.CODE ANN. § 302.002 (Vernon Supp.2005). Under the Finance Code, a creditor is a person who loans money and an obligor is a person to whom money is loaned. TEX. FIN.CODE ANN. § 301.002(a)(3) & (13) (Vernon Supp.2005).

The Agreement between appellant and appellee did not involve an extension of credit. Appellant is not an obligor and appellee is not a creditor under the Agreement. For these reasons, we conclude section 302.002 does not provide appellant with the means to recover pre-judgment interest.

Section 304.103 also provides for recovery of pre-judgment interest. *See* TEX. FIN.CODE ANN. § 304.103 (Vernon Supp. 2005). However, pre-judgment interest under this statute is not available to appellant because it applies only to wrongful death, personal injury, and property damage cases. *See* TEX. FIN.CODE ANN. § 304.101 (Vernon Supp.2005).

■ We have determined that neither the Agreement nor any statute allows appellant to recover pre-judgment interest. Thus, we now turn to see whether pre-judgment interest is recoverable under common law. In *Johnson & Higgins*, the Texas Supreme Court held that prejudgment interest awarded under common law should conform to the statutory accrual and compounding formulas applicable to suits for wrongful death, personal injury, and property damages. *See Johnson & Higgins*, 962 S.W.2d at 530–32. Under that statutory accrual formula, prejudgment interest begins to accrue "on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed." TEX. FIN.CODE ANN. § 304.104 (Vernon Supp. 2005); *Johnson & Higgins*, 962 S.W.2d at 531.

In his affidavit attached to his motion for summary judgment, appellee states that he never paid an alimony payment more than 180 days late. In her response to the motion for summary judgment, appellant does not dispute that any of the alimony payments were more than 180

days late. Rather, she points out that it was more than 180 days before appellant made the $10,000.00 cash payment that was due on January 1, 2001. This fact is irrelevant to appellant's claim for pre-judgment interest on untimely paid alimony payments.

The summary judgment evidence established that appellee did not pay any of the alimony payments more than 180 days late. Thus, even under common law, pre-judgment interest never accrued. *See Johnson & Higgins*, 962 S.W.2d at 531. Accordingly, appellant is not entitled to pre-judgment interest under common law.

We hold the trial court did not err in granting appellee's motion for summary judgment with respect to appellant's claim for pre-judgment interest on the late alimony payments.

### The Borrowed Funds

■ Appellant also claimed that because of appellee's failure to timely make the alimony payments, she had to obtain cash advances on her credit card. Appellant sought to recover as damages the cash advance fees and finance charges on those funds. She admitted that she used the cash advances to pay her attorney's fees.

■ A party is not entitled to pre-judgment interest on attorney's fees because attorney's fees are not considered a part of the "amount of the judgment." *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 325 (Tex.1994). Appellee contends that appellant's label of the interest she seeks as consequential damages is an attempt to side-step the supreme court's holding in *Thompson*. We see no difference between recovering pre-judgment interest on an award of attorney's fees and recovering interest on money borrowed to pay attorney's fees. In neither case are the attorney's fees part of "the amount of a judgment." Moreover, it is also undis-

puted that on each of the three dates that appellant obtained the cash advances, appellee was current on all his payments under the Agreement and the Decree.

We conclude that appellant cannot recover as consequential damages the interest on the funds borrowed to pay her attorney's fees. The trial court did not err in granting appellee's motion for summary judgment on appellant's claims for pre-judgment interest on the alimony payments and interest on the borrowed funds as consequential damages. Accordingly, we overrule appellant's first point of error.

### The Cash Awards

■ In her second point of error, appellant contends the trial court erred in granting appellee's motion for summary judgment on her claim for breach of the Decree. She sought to recover post-judgment interest on the money awarded in the Decree.

■ Post-judgment interest is recoverable only on a money judgment. Appellant argues that the $30,000.00 award was not merely a judgment, but a money judgment on which post-judgment interest accrued. We disagree. Appellant relies on the language in the Decree to support her argument that she obtained a money judgment for the $30,000.00 cash award. Specifically, appellant relies upon the following language:

IT IS ORDERED, ADJUDGED AND DECREED that B. Alicia de la Garza, Respondent, be, and is hereby awarded all estate, right, title, and interest of, in, and to the following as her sole and separate property ...

The Decree then lists the $30,000.00 award payable in three installments along with other items as appellant's separate property. Appellant also relies on the following language in the decree:

IT IS ORDERED, ADJUDGED AND DECREED that Petitioner and Respondent shall execute all instruments necessary to effect this Decree and that Petitioner and Respondent have all appropriate and necessary writs, execution, and process, as may and as often as necessary to accomplish the execution and final disposition of this judgment.

The trial court ordered that appellant receive a cash award payable by appellee as part of her separate property. The cash award was part of the property division. The trial court, however, did not award a money judgment to appellant in the Decree.

■ A party who does not receive payments of money awarded in a divorce decree may file suit to enforce the decree and the trial court may render a money judgment for the amount of unpaid payments. *See* TEX. FAM.CODE ANN. § 9.001(a) & 9.010(b) (Vernon 1998). A money judgment is a remedy available to a spouse where the other spouse does not make payments as ordered in the divorce decree. *See Office of the Attorney General of Texas v. Wilson,* 24 S.W.3d 902, 905 (Tex. App.-Dallas 2000, no pet.); *Jenkins v. Jenkins,* 991 S.W.2d 440, 445 (Tex.App.-Fort Worth 1999, pet. denied).

As authority for her assertion that the monetary award accrued post-judgment interest from the point appellee became delinquent, appellant cites *Office of Attorney General of Texas v. Lee,* 92 S.W.3d 526 (Tex.2002) (per curiam). Appellant's reliance upon *Lee* is misplaced. In *Lee,* the divorce decree ordered the husband to pay child support. When the husband became delinquent in his child support payments, the attorney general sued to have the amount of delinquent payments reduced to judgment. *Id.* at 527. The attorney general obtained a judgment for the past-due child support. *Id.* A year later, the attorney general directed the husband's employer to withhold earnings from the husband's monthly paycheck. The attorney general asserted that husband owed $5,000.00 in accrued interest on the judgment rendered a year earlier. *Id.* The husband disputed that he owed any interest. The trial court agreed with the husband and the court of appeal affirmed the trial court's judgment. The supreme court reversed. The supreme court held that post-judgment interest accrued automatically on past-due child support payments that have been *previously reduced to judgment. Id.* at 528. Unlike the attorney general in *Lee,* appellant never had the past-due payments on the monetary award reduced to judgment. This is a critical distinction that renders the holding in *Lee* inapplicable to the facts of this case.

We conclude that, through the Decree, appellant obtained a judgment ordering appellee to make three $10,000.00 payments on or before specified dates. The Decree, however, did not award appellant a money judgment for $30,000.00 on which post-judgment interest accrued. Once appellee failed to make the payments as ordered, appellant had the right to seek to have that portion of the decree reduced to a money judgment. *See* TEX. FAM.CODE ANN. § 9.010(b) (Vernon 1998). Appellant did not obtain a money judgment. For this reason, post-judgment interest did not accrue. We conclude the trial court did not err in granting appellee's motion for summary judgment on appellant's claim for post-judgment interest.

### Attorney's Fees

■ Appellant also complains on appeal that the trial court erred in granting summary judgment on her claim for attorney's fees. Specifically, she asserts in her brief on appeal that she is entitled to

attorney's fees under section 38.001 of the civil practices and remedies code and section 9.014 of the family code.

Attorney's fees are not recoverable in Texas unless allowed by statute or by contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992). Attorney's fees are recoverable in a suit on a contract. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). To recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997). Appellant did not recover on any claim. Therefore, she cannot recover attorney's fees under section 38.001.

Section 9.014 of the family code provides that "[t]he court may award reasonable attorney's fees as costs in a proceeding under this chapter." TEX. FAM. CODE ANN. § 9.014 (Vernon 1998). The decision to grant or deny attorney's fees under this statute is reviewed for an abuse of discretion. *Cook v. Cameron*, 733 S.W.2d 137, 141 (Tex.1987). Because appellant did not prevail in her suit to enforce the divorce decree, we conclude the trial court did not abuse its discretion in not awarding appellant her attorney's fees under section 9.014 of the family code.

We conclude the trial court did not err in granting summary judgment on her claim for attorney's fees. We overrule appellant's second point of error.

We affirm the trial court's judgment.