

# NUMBER 13-08-291-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARGARITO TRUJILLO,                                                    Appellant,

v.

BOBBY BURROWS, SR.                                                    Appellee.

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Vela**

This appeal is from a trial court judgment granted in favor of appellee, Bobby Burrows, Sr., and against appellant, Margarito Trujillo.  On appeal, Trujillo raises two issues, contesting only the award of prejudgment interest.  We affirm.

# I. BACKGROUND

The facts of this case are, for the most part, undisputed. Burrows and Trujillo were friends. Trujillo became aware of an opportunity to buy 38.8 acres of land in Edinburg. Because he did not have the money to purchase the property, Trujillo approached Burrows with the idea of purchasing it with him. The parties purchased the property jointly in 1998 for approximately $93,000. It is undisputed that Trujillo negotiated the price and paid $5,000 in earnest money. Burrows reimbursed Trujillo the $5,000 in earnest money, paid the entire purchase price and paid all taxes owed on the property and expenses as they were incurred. In 2007, Trujillo filed suit against Burrows seeking a partition of the property and a proportionate share of expenditures for the maintenance and care of the property. Burrows counterclaimed, seeking reimbursement for all sums of money spent on the care, maintenance, upkeep and preservation of the property. Burrows also sought attorney's fees and prejudgment interest.

Before the case went to trial, the parties agreed to sell the property to a third party for $5,000,000. They each received $2,500,000 from the sale proceeds. Thereafter, the parties agreed that Trujillo was not entitled to any reimbursement from Burrows. After a bench trial, the trial court determined that Trujillo owed Burrows $100,588.60, which was one-half of the amount Burrows had expended. The trial court also determined that Burrows was entitled to $17,500 in attorney's fees, which is not contested. Additionally, the court ordered prejudgment interest from the date Burrows incurred each of the individual expenses. The prejudgment interest totaled $54,167.02 with an additional per diem amount of $22.73 due for each day after January 22, 2008, until execution of the judgment. The trial court entered judgment accordingly and filed findings of fact and

2

conclusions of law.

Trujillo filed a motion for new trial in which he generally complained that the judgment erroneously awarded both prejudgment and post-judgment interest. On appeal, Trujillo challenges only the award of prejudgment interest. By his first issue, Trujillo claims that "the trial court abused its discretion by awarding prejudgment interest against appellant because the evidence was legally and factually insufficient to support the award and was otherwise arbitrary and capricious without reference to applicable rules or guiding principles." By his second issue he argues that the trial court erred in awarding nearly ten years' of prejudgment interest because he had no notice of a claim for interest prior to the time Burrow's filed his counterclaim.

## II. APPLICABLE LAW

### A. Standard of Review

We review the trial court's prejudgment interest award under an abuse of discretion standard. *Wilmer-Hutchins Indep. Sch. Dist. v. Smiley,* 97 S.W.3d 702, 706 (Tex. App.–Dallas 2003, pet. denied). To determine if there was an abuse of discretion, we must decide if the lower court acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

### B. Co-Tenancy

The parties here were co-tenants. On partition, a co-tenant who expends funds necessary to protect or preserve the common property is entitled to have those expenditures charged to the tenants in common according to their pro rata ownership.

3

*Gonzalez v. Gonzalez,* 552 S.W.2d 177, 181 (Tex. Civ. App.–Corpus Christi 1977, writ ref'd n.r.e.). Expenditures necessary to preserve the common property include those for taxes, insurance, and repairs. *See Duke v. Squibb,* 392 S.W.2d 885, 888 (Tex. Civ. App.–Texarkana 1965, no writ); *see also Hill v. Jarvis*, No. 12-07-00091, 2008 WL 2571753 at *2 (Tex. App.–Tyler June 30, 2008, pet denied).

## C. Prejudgment Interest

Prejudgment interest is awarded to fully compensate the injured party, not to punish the defendant. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998); *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 327 (Tex. 1994). It is considered compensation allowed by law as additional damages for lost use of the money due between the accrual of the claim and the date of judgment. *Johnson & Higgins*, 962 S.W.2d at 528.

There are two legal sources for an award of prejudgment interest: (1) general principles of equity, and (2) an enabling statute. *Johnson & Higgins,* 962 S.W.2d at 528; *de la Garza v. de la Garza*, 185 S.W.3d 924, 928 (Tex. App.–Dallas 2006, no pet.). Where no statute controls the award of prejudgment interest, the decision to award prejudgment interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making this decision. *Citizens Nat. Bank v. Allen Rae Investments, Inc.*, 142 S.W.3d 459, 487 (Tex. App.–Ft. Worth 2004, no pet.). However, once the trial court decides to award equitable prejudgment interest, the trial court must follow the accrual rule set forth in the enabling statute. *See Johnson & Higgins,* 962 S.W.2d at 531. Under the statutory accrual formula, prejudgment interest begins to accrue

4

on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed. TEX. FIN. CODE ANN. § 304.104 (Vernon 2006); *de la Garza*, 185 S.W.3d at 928; *see Johnson & Higgins,* 962 S.W.2d at 531 (applying former version of section 304.104).

### III. DISCUSSION

Trujillo first argues that there is no evidence to support the trial court's decision to award prejudgment interest.[1] Both parties agree that there is no controlling statute, so, if interest is proper it must be based on principles of equity. The trial court heard evidence that Burrows paid everything necessary to secure and maintain the property during the nine years that the parties were co-tenants. This evidence was undisputed. Although Trujillo paid the initial $5,000 as earnest money, Burrows reimbursed him for that amount. The parties agreed that they had never discussed or agreed upon any form of prejudgment interest. However, the law allows prejudgment interest to compensate for the use of money. *Johnson & Higgins*, 962 S.W.2d at 528. The evidence was undisputed that all of the money used for maintenance, upkeep and preservation of the property belonged to Burrows. We find that the trial court did not abuse its discretion in awarding prejudgment interest for its use. We overrule Trujillo's first issue.

By his second issue Trujillo claims that the trial court erred in its method of calculating the amount of the award of prejudgment interest. The trial court calculated the award based upon each payment made by Burrows from the date of payment. Burrows

---

[1]Notably, although Trujillo argues that Burrows is not entitled to prejudgment interest because there was no agreement between the parties regarding prejudgment interest, he, too, sought recovery for prejudgment interest in his partition lawsuit.

argues that Trujillo has failed to preserve his complaint on appeal. We agree.

Trujillo's motion for new trial complains of the award of prejudgment interest, but does not complain that its method of calculating the award was improper. In order to preserve an issue for appellate review, the record must reflect that the issue was brought to the trial court's attention by a timely and sufficiently specific request, objection or motion. TEX. R. APP. P. 33.1(a)(2). During trial, the parties discussed the propriety of awarding prejudgment interest, but they did not raise how interest would be calculated. The motion for new trial does not complain of the manner in which the trial court calculated the prejudgment interest. Further, the court's docket sheet reflects that no hearing was held on the motion for new trial. Because Trujillo did not apprise the trial court of the alleged error that he now complains of, the error was not preserved. *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 611 (Tex. App.–Houston [14th Dist.] 2007, pet. denied); *Wolfhart v. Holloway*, 172 S.W.3d 630, 640 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). We overrule Trujillo's second issue.

## IV. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 2nd day of April, 2009.

6