NUMBER 13-08-291-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

MARGARITO TRUJILLO, Appellant,

 


v. 


BOBBY BURROWS, SR. Appellee.

 


On appeal from the 206th District Court 

of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Vela


 This appeal is from a trial court judgment granted in favor of appellee, Bobby
Burrows, Sr., and against appellant, Margarito Trujillo. On appeal, Trujillo raises two
issues, contesting only the award of prejudgment interest. We affirm.


 I. Background

 The facts of this case are, for the most part, undisputed. Burrows and Trujillo were
friends. Trujillo became aware of an opportunity to buy 38.8 acres of land in Edinburg. 
Because he did not have the money to purchase the property, Trujillo approached Burrows
with the idea of purchasing it with him. The parties purchased the property jointly in 1998
for approximately $93,000. It is undisputed that Trujillo negotiated the price and paid
$5,000 in earnest money. Burrows reimbursed Trujillo the $5,000 in earnest money, paid
the entire purchase price and paid all taxes owed on the property and expenses as they
were incurred. In 2007, Trujillo filed suit against Burrows seeking a partition of the property
and a proportionate share of expenditures for the maintenance and care of the property. 
Burrows counterclaimed, seeking reimbursement for all sums of money spent on the care,
maintenance, upkeep and preservation of the property. Burrows also sought attorney's
fees and prejudgment interest. 

 Before the case went to trial, the parties agreed to sell the property to a third party
for $5,000,000. They each received $2,500,000 from the sale proceeds. Thereafter, the
parties agreed that Trujillo was not entitled to any reimbursement from Burrows. After a
bench trial, the trial court determined that Trujillo owed Burrows $100,588.60, which was
one-half of the amount Burrows had expended. The trial court also determined that
Burrows was entitled to $17,500 in attorney's fees, which is not contested. Additionally,
the court ordered prejudgment interest from the date Burrows incurred each of the
individual expenses. The prejudgment interest totaled $54,167.02 with an additional per
diem amount of $22.73 due for each day after January 22, 2008, until execution of the
judgment. The trial court entered judgment accordingly and filed findings of fact and
conclusions of law.

 Trujillo filed a motion for new trial in which he generally complained that the
judgment erroneously awarded both prejudgment and post-judgment interest. On appeal,
Trujillo challenges only the award of prejudgment interest. By his first issue, Trujillo claims
that "the trial court abused its discretion by awarding prejudgment interest against appellant
because the evidence was legally and factually insufficient to support the award and was
otherwise arbitrary and capricious without reference to applicable rules or guiding
principles." By his second issue he argues that the trial court erred in awarding nearly ten
years' of prejudgment interest because he had no notice of a claim for interest prior to the
time Burrow's filed his counterclaim. 

II. Applicable Law 

A. Standard of Review 

 We review the trial court's prejudgment interest award under an abuse of discretion
standard. Wilmer-Hutchins Indep. Sch. Dist. v. Smiley, 97 S.W.3d 702, 706 (Tex.
App.-Dallas 2003, pet. denied). To determine if there was an abuse of discretion, we must
decide if the lower court acted arbitrarily, unreasonably, or without reference to any guiding
rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

B. Co-Tenancy

 The parties here were co-tenants. On partition, a co-tenant who expends funds
necessary to protect or preserve the common property is entitled to have those
expenditures charged to the tenants in common according to their pro rata ownership.
Gonzalez v. Gonzalez, 552 S.W.2d 177, 181 (Tex. Civ. App.-Corpus Christi 1977, writ ref'd
n.r.e.). Expenditures necessary to preserve the common property include those for taxes,
insurance, and repairs. See Duke v. Squibb, 392 S.W.2d 885, 888 (Tex. Civ.
App.-Texarkana 1965, no writ); see also Hill v. Jarvis, No. 12-07-00091, 2008 WL
2571753 at *2 (Tex. App.-Tyler June 30, 2008, pet denied).

C. Prejudgment Interest 

 Prejudgment interest is awarded to fully compensate the injured party, not to punish
the defendant. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507,
528 (Tex. 1998); C & H Nationwide, Inc. v. Thompson, 903 S.W.2d 315, 327 (Tex. 1994). 
It is considered compensation allowed by law as additional damages for lost use of the
money due between the accrual of the claim and the date of judgment. Johnson &
Higgins, 962 S.W.2d at 528. 

 There are two legal sources for an award of prejudgment interest: (1) general
principles of equity, and (2) an enabling statute. Johnson & Higgins, 962 S.W.2d at 528;
de la Garza v. de la Garza, 185 S.W.3d 924, 928 (Tex. App.-Dallas 2006, no pet.). Where
no statute controls the award of prejudgment interest, the decision to award prejudgment
interest is left to the sound discretion of the trial court, which should rely upon equitable
principles and public policy in making this decision. Citizens Nat. Bank v. Allen Rae
Investments, Inc., 142 S.W.3d 459, 487 (Tex. App.-Ft. Worth 2004, no pet.). However,
once the trial court decides to award equitable prejudgment interest, the trial court must
follow the accrual rule set forth in the enabling statute. See Johnson & Higgins, 962
S.W.2d at 531. Under the statutory accrual formula, prejudgment interest begins to accrue
on the earlier of the 180th day after the date the defendant receives written notice of a
claim or the date the suit is filed. Tex. Fin. Code Ann. § 304.104 (Vernon 2006); de la
Garza, 185 S.W.3d at 928; see Johnson & Higgins, 962 S.W.2d at 531 (applying former
version of section 304.104). III. Discussion

 Trujillo first argues that there is no evidence to support the trial court's decision to
award prejudgment interest. (1) Both parties agree that there is no controlling statute, so, if
interest is proper it must be based on principles of equity. The trial court heard evidence
that Burrows paid everything necessary to secure and maintain the property during the nine
years that the parties were co-tenants. This evidence was undisputed. Although Trujillo
paid the initial $5,000 as earnest money, Burrows reimbursed him for that amount. The
parties agreed that they had never discussed or agreed upon any form of prejudgment
interest. However, the law allows prejudgment interest to compensate for the use of
money. Johnson & Higgins, 962 S.W.2d at 528. The evidence was undisputed that all of
the money used for maintenance, upkeep and preservation of the property belonged to
Burrows. We find that the trial court did not abuse its discretion in awarding prejudgment
interest for its use. We overrule Trujillo's first issue.

 By his second issue Trujillo claims that the trial court erred in its method of
calculating the amount of the award of prejudgment interest. The trial court calculated the
award based upon each payment made by Burrows from the date of payment. Burrows
argues that Trujillo has failed to preserve his complaint on appeal. We agree. 

 Trujillo's motion for new trial complains of the award of prejudgment interest, but
does not complain that its method of calculating the award was improper. In order to
preserve an issue for appellate review, the record must reflect that the issue was brought
to the trial court's attention by a timely and sufficiently specific request, objection or motion. 
Tex. R. App. P. 33.1(a)(2). During trial, the parties discussed the propriety of awarding
prejudgment interest, but they did not raise how interest would be calculated. The motion
for new trial does not complain of the manner in which the trial court calculated the
prejudgment interest. Further, the court's docket sheet reflects that no hearing was held
on the motion for new trial. Because Trujillo did not apprise the trial court of the alleged
error that he now complains of, the error was not preserved. Bayer Corp. v. DX Terminals,
Ltd., 214 S.W.3d 586, 611 (Tex. App.-Houston [14th Dist.] 2007, pet. denied); Wolfhart
v. Holloway, 172 S.W.3d 630, 640 (Tex. App.-Houston [14th Dist.] 2005, pet. denied). We
overrule Trujillo's second issue.

IV. Conclusion

 The judgment of the trial court is affirmed.

 

 ROSE VELA

 Justice



Memorandum Opinion delivered and 

filed this 2nd day of April, 2009.
1. Notably, although Trujillo argues that Burrows is not entitled to prejudgment interest because there
was no agreement between the parties regarding prejudgment interest, he, too, sought recovery for
prejudgment interest in his partition lawsuit.