

## NUMBER 13-11-00733-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JERRY J. HOELL JR.,                                              **Appellant,**

**v.**

JENNIFER HOELL,                                                 **Appellees.**

## On appeal from the 156th District Court
## of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

This appeal involves a post-judgment clarification and enforcement of a divorce decree. By two issues,[1] appellant Jerry J. Hoell ("Jerry") asserts (1) that the challenged language of the decree is too indefinite to be enforced; and, in the alternative,

---

[1] We consolidate Jerry's related second and third issues. *See* TEX. R. APP. P. 47.1.

(2) even if the provision is enforceable, the trial court erred in making its award. We affirm.

## I. BACKGROUND[2]

Jerry and Jennifer finalized their divorce on October 31, 2008 in San Patricio County. Both parties represented themselves pro se in the underlying action. The final decree stated, in part:

> It is further ORDERED, ADJUDGED, AND DECREED that [Jerry] provide monetary assistance for the period, not to exceed, two years starting in the month and year of November 2008 until September 2010. [Jerry] has agreed to supplement [Jennifer's] income in order to alleviate the burden of sufficient funds needed to pay debts in both [Jennifer and Jerry's] name.

In March 2010, after more than one year of making monthly monetary assistance payments, Jerry filed a "Motion for Clarification" of the final decree and requested, among other things, that the trial court declare the above order void due to its vagueness. Jennifer filed a response and argued that Jerry was in violation of the trial court's initial order for failure to pay under the "monetary assistance" provision of the decree and requested that the trial court find Jerry in contempt and enforce the order.

After a hearing, the trial court found that Jerry was in violation of the divorce decree and ordered him to pay Jennifer $8,767.56 pursuant to the "monetary assistance" provision as "an obligation in the nature of a debt." Jerry appealed.

## II. VALIDITY OF MONETARY ASSISTANCE PROVISION

In his first issue, Jerry contends that the monetary assistance provision is too indefinite to make it enforceable.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. 47.4.

### 1. Applicable Law & Standard of Review

The language of a divorce decree should inform the parties of their obligations, without calling upon conflicting inferences or conclusions. *Kimsey v. Kimsey*, 965 S.W.2d 690, 694 (Tex. App.—El Paso 1998, pet. denied) (citing *Ex parte Slavin*, 412 S.W.2d 43, 44–45 (Tex. 1967)). A trial court has the authority to render a clarifying order setting forth specific terms to enforce compliance with the original order. *See* TEX. FAM. CODE ANN. § 9.008 (West 2006); *Kimsey*, 965 S.W.2d at 695.

We review whether a divorce decree is ambiguous de novo as a question of law. *See Hagen v. Hagen*, 282 S.W.3d 899, 901–02 (Tex. 2009). A decree is ambiguous if it is "subject to more than one reasonable interpretation." *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). If the decree is ambiguous, the court should adopt the construction that correctly applies the law. *Id.* Furthermore, if the decree is ambiguous, courts must interpret it by reviewing both the decree and the record as a whole. *Hagen*, 282 S.W.3d at 901.

### 2. Discussion

We agree with Jerry's argument insofar as holding that the initial divorce decree provision was ambiguous because it did not state a specific formula or monthly amount for which Jerry was responsible.[3] *See Shanks*, 110 S.W.3d at 447. As written, the decree allowed for multiple reasonable interpretations as to the amount of "monetary assistance" needed to sufficiently satisfy the couple's debts. *See id.* However, we decline to declare it void because doing so would substantively modify and remove an

---

[3] In her brief, Jennifer also does not dispute the provision's ambiguity.

obligation where one previously existed.[4]  *See McGhee v. Epley*, 661 S.W.2d 924, 925–26 (Tex. 1983) (recognizing that a trial court does not have the power to modify a final decree, only clarify it); *Wright v. Eckhardt*, 32 S.W.3d 891, 894 (Tex. App—Corpus Christi 2000, no pet.).  Because the initial provision was vague, the trial court acted within its authority to clarify Jerry's monthly obligations under the decree.  *See* TEX. FAM. CODE ANN. § 9.008; *Kimsey*, 965 S.W.2d at 695.  Accordingly, the trial court did not err in clarifying the ambiguous decree, not ruling it void, and ordering it enforceable. *See id.*  Jerry's first issue is overruled.

### III. POST-DIVORCE JUDGMENT

In his second issue, Jerry asserts that even if the monetary assistance provision is enforceable, the trial court erred because its judgment was not supported by the evidence.

### 1. Applicable Law

A trial court may render a money judgment for damages caused by a party's failure to comply with a divorce decree.  *See* TEX. FAM. CODE ANN. § 9.010 (West 2006). In its judgment, a trial court may render this judgment in the amount on unpaid payments to which the party is entitled.  *Id.* § 9.010(b).  This remedy is available when one spouse does not make payments as ordered in the divorce decree.  *See De la Garza v. De la Garza*, 185 S.W.3d 924, 930 (Tex. App.—Dallas 2006, no pet.); *Jenkins v. Jenkins*, 991 S.W.2d 440, 445 (Tex. App.—Fort Worth 1999, pet. denied).

### 2. Discussion

---

[4] Jerry's reliance on *Chavez v. McNeely* to argue that the provision is indefinite is misplaced.  *See* 287 S.W.3d 840, 842 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  The *Chavez* case involves a separate contractual agreement incorporated into the agreed divorce decree.  *See id.* at 842–43.  The record shows no such separate agreement exists between the parties and that Jerry's obligations were ordered.

4

Here, Jerry argues that Jennifer "did not present a scintilla of evidence" that the amount awarded ($8,757.56) was an amount owed to her. We disagree. Jennifer presented to the trial court a calculation of what was owed. Jennifer's calculation was based on a list of all monthly bills that she paid totaling $3,000.00 per month, less $1,100 per month paid in child support and four $538.74 car payments made by Jerry in 2010. Based on her calculations, Jennifer presented evidence to the trial court of a monetary-assistance arrearage of $8,767.56. This figure includes credits and offsets from monthly child support payments as well as car payments and reduced monetary assistance payments. Finally, further evidence was presented indicating that Jerry complied with the terms of the divorce decree until he encountered financial difficulties and was instructed by counsel to stop making such payments.

Based on the evidence presented, we conclude that the trial court did not err in rendering its judgment in the amount of $8,767.56. *See* TEX. FAM. CODE ANN. § 9.010; *De la Garza*, 185 S.W.3d at 930. Jerry's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
19th day of July, 2012.

5