

# NUMBER 13-22-00614-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF THE MARRIAGE OF
## JULIA ANN HOMBURG AND RICHARD WAYNE HOMBURG

## ON APPEAL FROM THE 170TH DISTRICT COURT
## OF MCLENNAN COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Julia Ann Homburg appeals the trial court's order denying her petition for enforcement and request for reimbursement against appellee Richard Wayne

Homburg.[1] In three issues, Julia[2] argues that the trial court abused its discretion by: (1) modifying the divorce decree's division of property; (2) denying Julia's request for reimbursement; and (3) denying Julia's request for prejudgment interest and attorney's fees. We reverse and remand.

## I.    BACKGROUND

Julia and Richard divorced in 2009. The parties' final decree of divorce incorporated the terms of a marital property agreement. The decree provided in relevant part that Julia would receive as a division of the community property:

> All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of [Richard's] service in the United States Air Force, including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of [Richard's] past, present, or future employment; [Richard] waives all right to [Richard's] military retirement.

The decree further provided:

> IT IS ORDERED that any payments received by [Richard] as a result of [Richard's] service in the United States Air Force shall belong to [Julia]. IT IS FURTHER ORDERED that [Richard] is designated a constructive trustee to receive any said payments for [Julia], and [Richard] shall endorse and forward the checks or payments, along with any explanation thereof, to [Julia] within three days of receiving them. IT IS FURTHER ORDERED that [Richard] is designated as a constructive trustee to receive any information regarding the amount of said pension and shall forward any and all information he receives about his military retirement to [Julia].

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] We refer to the parties by their first name as they share a surname.

Finally, the decree provided that Richard "will reimburse [Julia] the amount taken out of the military retirement for his coverage" for medical and dental insurance and that Richard "shall pay said reimbursement to [Julia] each month."

In 2022, Julia filed a petition for enforcement of property division. Julia alleged that Richard had not paid the full amount of his military retirement since 2010 and that he had reduced the monthly payment of his military retirement to Julia by fifty percent since December 4, 2021. Julia also alleged that Richard failed to forward information concerning his military retirement. In the alternative, Julia requested clarification of the 2009 decree. Julia requested to be awarded a money judgment, attorney's fees, and judgment interest.

Richard filed an answer generally denying Julia's allegations and asserting as an affirmative defense that the 2009 decree requires clarification because the award of 100 percent of his military retirement benefits was unlawful.[3] Richard later filed a petition for declaratory judgment requesting that the court declare whether the award of all of Richard's military retirement to Julia is unlawful in light of the Uniformed Services Former Spouses' Protection Act (USFSPA), which provides in relevant part that "[t]he total amount of the disposable retired pay of a member payable under all court orders . . . may not exceed 50 percent of such disposable retired pay." 10 U.S.C. § 1408(e)(1).

At the hearing, the trial court orally denied Richard's petition for declaratory judgment. Richard then testified that he initially paid Julia his full monthly military retirement benefits following deductions for taxes and insurance. In December 2021, Richard reduced the amount of the payment to fifty percent of his military retirement

_____

[3] Richard's live pleading is his first amended answer.

3

benefits after taxes and insurance, and he did not pay Julia any of the disability benefit. Richard explained, "I'm not making near the money I used to, and I have to keep something back; so I kept my 50 percent of my pension and my VA disability."

Julia testified that she is seeking reimbursement for the taxes and insurance withheld from Richard's payments to her since their divorce as well as Richard's fifty percent reduction in military retirement payments and the full disability payments beginning in December 2021. Julia presented an exhibit purporting to show that she is entitled to a total of $82,132.46. Julia also stated that Richard has not provided her with monthly retirement statements in accordance with the divorce decree. Julia's attorney then testified regarding reasonable and necessary attorney's fees, and the trial court admitted his billing records as an exhibit. The trial court also admitted two of Richard's military retirement account statements.

The trial court signed an order denying Julia's request for reimbursement, requiring that Richard's military retirement benefits be split "fifty-fifty," and awarding disability benefits to Richard. This appeal followed.

## II.  ENFORCEMENT

In her first issue, Julia argues that the trial court abused its discretion in modifying the divorce decree.

### A.    Standard of Review & Applicable Law

We review the trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree under an abuse-of-discretion standard. *LeBlanc v. LeBlanc*, 676 S.W.3d 703, 706 (Tex. App.—El Paso 2023, no pet.) (citing *Riley v. Riley*, No. 03-21-00051-CV, 2022 WL 17981970, at *3 (Tex. App.—Austin Dec. 29, 2022, no

4

pet.) (mem. op.)). "A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles." *Id.*

A final, unambiguous divorce decree that disposes of all marital property bars re-litigation. *S.C. v. M.B.*, 650 S.W.3d 428, 441 (Tex. 2022); *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). A party may not collaterally attack a divorce decree by seeking an order that alters or modifies the decree's property division. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) (recognizing that a court may not "amend, modify, alter, or change the division of property" originally set out in the decree); *see also* TEX. FAM. CODE ANN. § 9.007(a), (b). However, the trial court that renders a divorce decree retains jurisdiction to clarify and to enforce the decree's property division. *Perry v. Perry*, 512 S.W.3d 523, 527 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

"[A] subsequent order may clarify a divorce decree to correct an ambiguity so that the parties can then comply with its terms." *Watret v. Watret*, 623 S.W.3d 555, 561 (Tex. App.—El Paso 2021, no pet.); *see* TEX. FAM. CODE ANN. § 9.008. "But a clarification order cannot be used to make a substantive change in a divorce decree after it becomes final, even if it contains substantive legal error." *In re W.L.W.*, 370 S.W.3d 799, 803 (Tex. App.—Fort Worth 2012, orig. proceeding) (citing *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003)). "Errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct appeal." *Hagen*, 282 S.W.3d at 902 (citing *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003)).

Among other enforcement remedies, the court may render a judgment for the amount of unpaid payments to which a party is entitled. TEX. FAM. CODE ANN. § 9.010 ("Reduction to Money Judgment"); *see also In re Marriage of Pyrtle*, 433 S.W.3d 152,

5

162–65 (Tex. App.—Dallas 2014, pet. denied) (holding that § 9.010 authorized the trial court to render a money judgment for damages caused by husband's failure to comply with provision of decree's property division). The trial court may also award reasonable attorney's fees as costs in a proceeding to enforce a decree's property division. *See* TEX. FAM. CODE ANN. § 9.014. A party may recover prejudgment interest where it is provided for in a contract, by an enabling statute, or through common law. *De la Garza v. De la Garza*, 185 S.W.3d 924, 927 (Tex. App.—Dallas 2006, no pet.); *see Banker v. Banker*, 517 S.W.3d 863, 881 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) ("As a general rule, parties are required to plead for pre-judgment interest sought at common law as an element of damages, whereas statutory or contractual interest may be predicated on a prayer for general relief.").

## B.    Modification

Julia maintains that the divorce decree unambiguously awards Richard's entire military retirement benefit to Julia and that the trial court's order improperly modified the award to only fifty percent. Richard responds that the application of 10 U.S.C. § 1408(e)(1) renders the divorce decree's award unlawful, unenforceable, and ambiguous, necessitating clarification.

The divorce decree awards Julia "[a]ll sums . . . related to or as a result of [Richard's] service in the United States Air Force, including . . . disability plan or benefits . . . by reason of or as a result of [Richard's] past, present, or future employment." Neither party contends that the words of the decree are ambiguous in awarding Julia 100 percent of Richard's military retirement benefits. However, Richard maintains that the application of federal law creates a latent ambiguity. A latent ambiguity occurs when a

6

provision is unambiguous on its face, but when applied is rendered ambiguous due to a collateral matter. *Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*, 658 S.W.3d 384, 391 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)); *see also Seabron v. Seabron*, No. 04-12-00482-CV, 2013 WL 4685440, at *4 (Tex. App.—San Antonio Aug. 30, 2013, pet. denied) (mem. op.) (concluding that the decree contained a latent ambiguity because federal law rendered the decree incapable of enforcement).

State courts may divide military retired pay only as authorized by the USFSPA. *See* 10 U.S.C.A. § 1408(c)(1); *Mansell v. Mansell*, 490 U.S. 581, 589 (1989). A state trial court may treat military retirement pay as marital property subject to division in accordance with the law of the jurisdiction. 10 U.S.C. § 1408(c)(1); *see Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *Cameron v. Cameron*, 641 S.W.2d 210, 212–13 (Tex. 1982). The statute provides in relevant part that "[t]he total amount of the disposable retired pay of a member payable under all court orders . . . may not exceed 50 percent of such disposable retired pay." 10 U.S.C. § 1408(e)(1). Assuming arguendo that application of federal law might create a latent ambiguity in some instances, it does not do so here because, as held by the Texas Supreme Court, this particular provision "does not limit the amount of military retirement pay which may be characterized and apportioned as a community asset under our marital property system." *Grier v. Grier*, 731 S.W.2d 931, 933 (Tex. 1987). Rather, it is "intended only as a limit on the amount of disposable retired pay which can be garnished and paid out by the service secretaries

pursuant to court orders."[4] *Id.* Because the USFSPA does not render the divorce decree unenforceable, its application does not create a latent ambiguity requiring the trial court to clarify the decree's property division.[5] *See Watret*, 623 S.W.3d at 561. Therefore, we conclude that the trial court abused its discretion in modifying the property division as set out in the divorce decree. *See LeBlanc*, 676 S.W.3d at 706. We sustain Julia's first issue.

In her second and third issues, Julia argues that the trial court erred in denying her request for a money judgment for Richard's underpayment of retirement benefits, as well as prejudgment interest and attorney's fees. Julia prays that we remand the case to the trial court for calculation of these amounts. The trial court did not reach these issues due to its implicit conclusion that the original divorce decree was latently ambiguous and that Julia was only entitled to fifty percent of Richard's military retirement benefits. Therefore, on remand, the trial court is instructed to consider what amount, if any, to award Julia. *See Cox Media Group, LLC v. Joselevitz*, 524 S.W.3d 850, 865 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (remanding issue not reached by the trial court which required the weighing of evidence); *Taylor v. Fossett*, 320 S.W.3d 570, 578 (Tex. App.—Dallas

---

[4] When a trial court awards more than fifty percent, as here, "the military spouse is a constructive trustee for the benefit of the nonmilitary spouse to the extent the awarded benefits exceed the fifty percent limit." § 10.13. Military Retirement Benefits, 38 Tex. Prac., Marital Property and Homesteads § 10.13.

[5] Due to our conclusion, we need not address Julia's contention that Richard brings an impermissible collateral attack on the divorce decree by asserting a non-jurisdictional, substantive legal error. *See Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003); *In re W.L.W.*, 370 S.W.3d 799, 803 (Tex. App.—Fort Worth 2012, orig. proceeding).

8

2010, no pet.) (remanding to trial court to determine award of attorneys' fees in the first instance). We sustain Julia's second and third issues.

### III. CONCLUSION

We reverse the trial court's judgment, and we remand the cause for further proceedings consistent with this appeal.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
5th day of December, 2024.